**Thompson v. PA Portfolio investors, LLC**

*Lopez Thompson,* pro se.

*Nolan Ganguli Shenai, Jonathan W. Hugg* and *David Fein,* for appellee.

PANEPINTO, *J.,* January 18, 2011—Appellant, Lopez Thompson, representing himself, appeals this court's order entered August 13, 2010 and docketed August 25, 2010, which denied appellant's motion to strike/open confession of judgment and order entered and docketed October 25, 2010, which denied appellant's motion for reconsideration of his motion to open/strike the confessed judgment entered in an action for a confession of judgment in connection with a consumer credit transaction.

## PROCEDURAL AND FACTUAL BACKGROUND

This matter stems from a confession of judgment filed against appellant, Lopez Thompson (hereinafter referred to as "appellant"), on a consumer credit transaction associated with the premises located at 5402 Walnut Street, Philadelphia, Pennsylvania. The confession of judgment was entered in favor of PA Portfolio Investors, LLC (hereinafter referred to as "appellee") after a commencement by judgment and the confession was filed with damages assessed in the amount of $241,458.76. On May 17, 2010, appellee (re)filed a praecipe for writ of execution, with the writ (re)issued on the subject premises of 5402 Walnut Street, Philadelphia, Pa.

On June 14, 2010, appellant filed a motion to open/strike the confessed judgment. Prior to the hearing on the motion to open/strike, appellant filed an emergency motion to stay writ of execution on August 2, 2010. Appellant's emergency motion to stay was granted on August 2, 2010 and the sheriff sale on the properties at 5402 Walnut St. and 5249 Chestnut St., Philadelphia Pa., were postponed from August 3, 2010 to September 14, 2010. An order was entered on August 13, 2010 and docketed on August 25, 2010, denying appellant's motion to strike/open confession of judgment.

On August 27, 2010 appellant's motion for reconsideration was filed. On May 5, 2010, a rule was entered to show cause why the motion to open judgment was entered listing this matter for a hearing to be held on June 3, 2010. Appellee's filed a brief in opposition to the motion to open on May 7, 2010 and docketed May 10, 2010. A rule was entered and docketed on September 13, 2010 listing a hearing for October 7, 2010. The rule also included an

order which postponed the sheriff sale of the subject properties from September 14, 2010 to November 2, 2010.

A full hearing was held on October 7, 2010 with appearances by both parties during which an agreement between the parties was discussed and a possible settlement was offered. The court scheduled a follow-up hearing on October 21, 2010 to determine if the parties reached a settlement. At the October 21, 2010 hearing, the parties stated they could not reach a settlement and the court heard argument on the underlying motion. After the second hearing, this court denied the motion for reconsideration of his petition to open and/or strike the confessed judgment by order dated and docketed October 25, 2010. On October 29, 2010, appellant filed this appeal to the Superior Court of the order denying the motion for reconsideration.

## ALLEGATIONS OF ERROR

On November 2, 2010, docketed November 3, 2010, this court entered an order directing appellant to file a rule 1925(b) statement no later than 21 days after the entry of the order. The docket indicates that notice under rule 236 was given on November 4, 2010. Appellant did serve a copy on this court and it was docketed on November 26, 2010. Appellant listed his concise statement of errors complained of on appeal as follows:

1) Court erred in denying defendant's petition to open confession of judgment, by its order dated August 25, 2010 when it was evident from the record and the evidence presented that plaintiff's complaint contained amounts which were not authorized by the note/warrant. To wit:

a. Excessive interest of $21,262.29.

b. Late fees of $19,482.71.00 for seven (7) months which the note did not authorize and were only to be collected during monthly payments.

c. Attorney's fees of $27,860.63 which were base upon the subtotal amount of $188,737.50 due at 15 percent. The amounts in (a), (b) and added to the principal amount of $133,992.50 calculate to $174,737.50. Counsel fees of 15 percent ($126,210.66) would have been added to bring a total amount due of $200,948.16. The court allowed the amount of $241,458.76 to be entered as a judgment. These amounts are stated in paragraph 16 of plaintiff's complaint (Exhibit "A") and entry of appearance for the confession of judgment (Exhibit "B").

2) Court in its August 25, 2010 order erred in denying defendants' petition to strike confession of judgment, when it was evident from the record and the evidence presented that plaintiff's complaint contained amounts which were not authorized by the note/warrant and there was a miscalculation of the amounts on the record. To wit:

a. Excessive interest of 21,262.29.

b. Late fees of $19,482.71.00 for seven (7) months which the note did not authorize and were only to be collected during monthly payments.

c. Attorney's fees of $26,860.63 which were

based upon the subtotal amount of $185,737.50 due at 15 percent. The amounts in (a), (b) and added to the principal amount of $133,992.50 calculate to subtotal of $174,737.50. Counsel fees of 15 percent ($26,210.66) would have been added to bring a total amount due of $200,948.16. The court allowed the amount of $241,458.76 to be entered as a judgment. These amounts are stated in paragraph 16 of plaintiff's complaint and entry of appearance for the confession of judgment.

3) Court erred in its August 25, 2010 order denying defendants petition to strike the confessed judgment, when it was clear from the complaint and admitted by the plaintiff that a computational error had been made in the amount $241.458.76 entered by the prothonotary as confessed judgment which was $40,510.60 over the amount that plaintiff prayed for. It was clear that a computation error had occurred.

4) On October 25, 2010, the court entered an order denying defendant's motion for reconsideration (Exhibit "C") which it granted on September 13, 2010 by way of its order of even date. The court entered an order September 13, 2010, stating that "upon reconsideration of the defendant's motion to strike/open confession of judgment and this court's order of August 25, 2010" that it was scheduling a hearing on October 7, 2010 to determine why the petition to open and or strike should not be granted, and on the date of the hearing state that it was the court intention to state that he had reconsidered by way of his September 13, 2010. The court then during the October 21, 2010, hearing asked defendant,

"What are we here for." The response was "argument on the petition to open and or strike." The court then asked the plaintiff's counsel, "What are were here for?" The response was "argument on the petition to open and or strike." The court after the hearing then entered an order on a motion for reconsideration which had already granted pursuant to its September 13, 2010 order and the court's comments.

5) Court erred in not striking plaintiff's praecipe for writ of execution which was filed on May 17, 2010, five (5) days after the confession of judgment was entered (see docket as Exhibit "D"). The filing of the praecipe was filed without notice as required by Pennsylvania Rule of Civil Procedure 2958.1. The praecipe was defective as a result and therefore should have been stricken by the court. Pa. Rule of Civil Procedure 2958.1 provides: (a) A written notice substantially in the form prescribed by Rule 2964 shall be served on the defendant at least thirty days prior to the filing of the Praecipe for a write of execution.

6) The court erred in not allowing argument during the October 21, 2010 hearing as to the date the loan was declared into default which is significant as it would have established two important factors:

a. Payments made by the defendant and accepted by the plaintiff up to and including August of 2009, showing that there was modification of the loan by Paramount mortgage, plaintiff's predecessor.

b. That the loan was current when the plaintiff, PA Portfolio Investors became assignee.

[The remaining paragraphs were excluded for the sake of brevity and the above listed concise statement was transcribed verbatim]

## ANALYSIS

Appellant's motion for reconsideration of the denial of the motion to open/strike the confession of judgment was properly denied. Appellant did not state any new information or legal grounds that were not available at the time the motion to open the default judgment was filed to be sufficient for this court to grant reconsideration of its prior decision. Appellant's appeal of the motion to open/strike the confessed judgment was untimely.

Appellant, in his Rule 1925 issue for appeal, set forth six (6) issues complained of on appeal. Each of the six errors will be discussed separately.

1) The court erred in denying appellant's petition to open confession of judgment, by its order dated August 25, 2010, when it was evident from the record and the evidence present that plaintiff's complaint contained amounts which were not authorized by the note/warrant.

This appeal has been taken from the order entered on August 13, 2010 and docketed on August 25, 2010. The notice of appeal should have been filed on or before September 25, 2010. See Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is take); Pa.R.A.P. 108(b)(date of entry of a civil order is the day on which the clerk makes a notation on the docket that notice of the entry of the order has been sent pursuant to Pa.R.Civ.P. 236(b)).

As the notice of appeal was filed on October 29, 2010, this appeal is untimely.

2)    The court in it's August 25, 2010 order erred in denying appellant's petition to strike confession of judgment, when it was evident from the record and the evidence presented that plaintiff's complaint contained amounts which were not authorized by the note/warrant and there was a miscalculation of the amounts on the record.

This appeal has been taken from the order entered on August 13, 2010 and docketed on August 25, 2010. The notice of appeal should have been filed on or before September 25, 2010. See Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is take); Pa.R.A.P. 108(b)(date of entry of a civil order is the day on which the clerk makes a notation on the docket that notice of the entry of the order has been sent pursuant to Pa.R.Civ.P. 236(b)).

As the notice of appeal was filed on October 29, 2010, this appeal is untimely.

3)    The court erred in its August 25, 2010 order denying appellant's petition to strike the confessed judgment, when it was clear from the complaint and admitted by the appellee that a computational error had been made in the amount $241,458.76 entered by the prothonotary as confessed judgment which was $40,510.60 over the amount that plaintiff prayed for. It was clear that a computation error had occurred.

This appeal has been taken from the order entered on August 13, 2010 and docketed on August 25, 2010. The notice of appeal should have been filed on or before Sep-

tember 25, 2010. See Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is take); Pa.R.A.P. 108(b)(date of entry of a civil order is the day on which the clerk makes a notation on the docket that notice of the entry of the order has been sent pursuant to Pa.R.Civ.P. 236(b)).

As the notice of appeal was filed on October 29, 2010, this appeal is untimely.

4) On October 25, 2010, the court entered an order denying appellant's motion for reconsideration, which it granted on September 13, 2010 by way of its order of that date. The court entered an order September 13, 2010, stating that "upon reconsideration of the defendant's motion to strike/open confession of judgment and this court's order of August 25, 2010" that it was to schedule a hearing on October 7, 2010 to determine why the petition to open/ or strike should not be granted, and on the date of the hearing stated that it was the court's intention to state that he had reconsidered by way of his September 13, 2010 order. The court then further during the October 21, 2010 hearing asked appellant, "What are we here for?" The response was "argument on the petition to open and/or strike." The court then asked the appellee's counsel, "What are we here for?" The response was "argument on the petition to open and/or strike." The court after the hearing then entered an order on a motion for reconsideration which had already granted pursuant to its September 13, 2010 order and the courts comments.

The denial of reconsideration is not subject to review on appeal. *Erie Ins. Exch. V. Larrimore,* 987 A.2d 732 (Pa.

Super. 2009); *Cheathem v. Temple Univ. Hosp.*, 743 A.2d 518 (Pa. Super. 1999).

An order granting reconsideration is only effective if it is made and entered on the docket before the expiration of the applicable appeal period. The applicable appeal period is thirty (30) days from the docketing of the order that is subject of the reconsideration motion. Pa. R.A.P. §1701(b)(3)(ii); see also *Schoff v. Richter*, 562 A.2d 912, 913 (Pa. Super. 1989). If it does not grant reconsideration within the time set by the rules for filing an appeal, the trial court loses its power to act on the application for reconsideration. See Pa.R.A.P. §1701, n.

The Pennsylvania Superior Court has repeatedly held that:

> (O)nce a final order or judgment is entered, an appeal must be filed within thirty days or, *the trial court must expressly grant reconsideration* within thirty days. If either of these two events do not occur, the judgment is final and except for "extraordinary cause" is not subject to collateral attack by virtue of a petition to open and/or strike. *Vanleer v. Lerner*, 559 A.2d 577, 579 (Pa. Super. 1989), citing *Luckenbaugh v. Shearer*, 523 A.2d 399, 402 (Pa. Super. 1987). (emphasis added)

This court further denies the factual allegations set forth by the appellant on what occurred at the reconsideration hearing that was held on October 21, 2010. The court issued an "order and rule" on September 13, 2010 which stated:

> upon reconsideration of the defendant's motion to

strike/open confession of judgment and this court's order of August 25, 2010, it is hereby ordered and decreed that a rule is hereby issued to determine why the within requested relief should not be granted.

This "order and rule" were entered under the control number 10083718, which is associated with the motion for reconsideration filed by the appellant. At no point in the September 13, 2010 order did the court grant reconsideration or "that it was schedule a hearing on October 7, 2010 to determine why the petition to open/or strike should not be granted" as alleged by the appellant.

At the hearing on October 21, 2010 when reconsideration was argued, the court did not state that reconsideration was granted and repeatedly stated its belief that the present issue before the court was reconsideration. October 21, 2010 hearing transcript pg 9, 16-17, pg 15, 9-11, pg 16, 2-4, pg 17, 9-15.

5) The court erred in not striking the appellee's praecipe for writ of execution which was filed on May 17, 2010, five (5) days after the confession of judgment was entered. The praecipe was not filed with notice as required by Pennsylvania Rule of Civil Procedure 2958.1. The praecipe was defective as a result and therefore should have been stricken by the court.

The appellant's issue complained of on appeal was never before this court. Appellant requested an emergency motion to stay execution proceedings in the form of a scheduled sheriff sale on August 2, 2010. The appellant's request was granted by Judge Fox's order entered on August 2, 2010. Without the application to this court

by appellant on the issue of a stay, an order was entered on September 13, 2010 granting appellant a further stay of execution. The court postponed the scheduled sheriff sale until after the resolution of the reconsideration hearing in this matter.

6) The court erred in not allowing argument during the October 21, 2010 hearing as to the date the loan was declared into default, which is significant as it would have established two important factors: (a) payments made by the appellant and accepted by the appellee up to and including August of 2009, showing that there was modification of the loan by Paramount Mortgage, the plaintiff's predecessor; and (b) that the loan was current when the appellee, PA Portfolio Investors, became assignee.

The appellant's issue complained of on appeal does not have merit. The hearing on October 21, 2010 concerned the reconsideration of this court's prior denial of appellant's motion to open/strike confession of judgment. The denial of reconsideration is not subject to review on appeal. *Erie Ins. Exch. V. Larrimore*, 987 A.2d 732 (Pa. Super. 2009); *Cheathem v. Temple Univ. Hosp.*, 743 A.2d 518 (Pa. Super. 1999).

## CONCLUSION

Overall, the record shows that appellant did not timely file an appeal on the denial of his motion to "open/strike confession of judgment." Appellant's appeal of the court's denial of reconsideration and other arguments are without merit.

Accordingly, for the reasons stated above, this appeal should be denied.