John P. BROSTOSKI, Appellee,

v.

David B. LUCCHINO, M.D., Appellant.

Superior Court of Pennsylvania.

Argued March 18, 2003.

Filed Oct. 28, 2003.

Patrick R. Casey, Scranton, for appellant.

David J. Selingo, Kingston, for appellee.

BEFORE: STEVENS, BOWES, and CAVANAUGH, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the May 13, 2002 order entered by the Court of Common Pleas of Luzerne County granting Appellee, John Brostoski's, petition to enforce a settlement relating to a medical malpractice action. On appeal, Appellant, Dr. David Lucchino, claims that the trial court erred in holding that monies recovered by Appellee from his health insurance did not constitute an offset pursuant to 40 P.S. § 991.1817(a) against the amount payable by the Pennsylvania Property Insurance and Casualty Guaranty Association ("PPICGA"). We affirm.

¶ 2 On August 29, 1995, Appellee filed suit against Appellant, alleging that Appellant's negligence in performing hernia repair surgery caused him injuries. On April 15, 2002, immediately prior to the commencement of trial, counsel for Appellee formally withdrew his claim for past and future medical expenses and offered the case for trial only on the issues of pain and suffering. Trial Court Opinion at 1, 4. On April 18, 2002, following the conclusion of Appellee's case in chief, the case settled[1] for the amount of $35,000.[2] On April 22, 2002, Appellee delivered to the trial court a Petition to Enforce Settlement.[3] Trial Court Opinion at 2. On May 13, 2002, the trial court granted the Petition to Enforce Settlement, Trial Court Opinion at 2; the instant appeal followed.

When reviewing a trial court's decision to enforce a settlement agreement, our scope of review is plenary as to questions of law, and we are free to draw our own inferences and reach our own conclusions from the facts as found by the court. However, we are only bound by the trial court's findings of fact which are supported by competent evidence. The prevailing party is entitled to have the evidence viewed in the light most favorable to its position. Thus, we will only overturn the trial court's decision when the factual findings of the court are against the weight of the evidence or its legal conclusions are erroneous.

*Bennett v. Juzelenos,* 791 A.2d 403, 406 (Pa.Super.2002) (citations omitted). Appellant's sole question on appeal concerns the non-duplication of recovery provisions of 40 P.S. § 991.1817. Specifically, Appellant claims that the settlement amount should be reduced to $29,308.15 to reflect

---

1. At the time of settlement, the parties disputed whether $5,691.85 could be offset from the settlement under the non-duplication of medical benefits statute found at 40 P.S. § 991.1817(a). Trial Court Opinion at 1–2. Despite this dispute, the parties concluded a settlement and agreed to seek resolution of the dispute at a later date. Trial Court Opinion at 2.

2. Appellant was covered under a professional liability insurance policy with Physicians Insurance Company at the time of the hernia surgery. Because Physicians Insurance Company became insolvent, PPICGA became guarantor of the claim made against the insolvent insurer pursuant to 40 P.S. §§ 991.1801—991.1820.

3. The petition was not actually filed until July 9, 2002. Trial Court Opinion at 2 n.1.

an offset of monies paid-out on Appellee's behalf through his health insurance.[4]

¶ 3 The non-duplication of recovery provision provides:

> [a]ny person having a claim under an insurance policy shall be required to exhaust first his right under such policy. For purposes of this section, a claim under an insurance policy shall include a claim under any kind of insurance, whether it is a first-party or third-party claim, and shall include, without limitation, accident and health insurance, worker's compensation, Blue Cross and Blue Shield and all other coverages except for policies of an insolvent insurer. Any amount payable on a covered claim under this act shall be reduced by the amount of any recovery under other insurance.

40 P.S. § 991.1817(b). PPICGA's limit for liability is $300,000.00 per claimant for covered claims. 40 P.S. § 991.1803(b)(1)(i)(B). Appellant argues that the settlement amount of $35,000 should be offset by the $5,691.85 paid by Appellee's health insurance. It is undisputed that these amounts were for medical expenses.

¶ 4 Our decisions in *Fanning v. Davne*, 795 A.2d 388 (Pa.Super.2002), and *McCarthy v. Bainbridge*, 739 A.2d 200 (Pa.Super.1999) are controlling. In both *Fanning* and *McCarthy*, we held that the only reasonable reading of the language of § 991.1817 was "to require that the claim to be offset must be for the same loss as the claim asserted against the insolvent insurer." *Fanning*, 795 A.2d at 397 (*citing McCarthy*, 739 A.2d at 203). This reasoning supports Appellee's position. The settlement monies awarded to Appellee were for pain and suffering, not for the medical expenses covered by his health insurance. The settlement monies could not have covered medical expenses because that claim had been formally withdrawn prior to settlement. As the trial court aptly noted,

> Clearly, at the time settlement was concluded between the Plaintiff and Defendant, the Plaintiff was seeking no medical expenses, and offered his case for trial on the issue of pain and suffering only. No evidence was presented to the jury of medical expenses as being asserted for those expenses.

Trial Court Opinion at 4.[5] Further, Appellant's reliance on *Strickler v. Desai*, 571 Pa. 621, 813 A.2d 650 (Pa.2002), *Bell v. Slezak*, 571 Pa. 333, 812 A.2d 566 (Pa. 2002), and *Price v. PPCIGA*, 795 A.2d 407 (Pa.Super.2002), is misplaced. In each of these cases, claims for medical expenses were pending at the time of settlement. There was no dispute as to the medical expense claim's existence just as to its nature and its effect on the settlement.[6]

---

4. We note that the $29,308.15 has already been paid to Appellee. Brief for Appellant at 6.

5. We find Appellant's position, despite his acknowledgement that the claim had been formally withdrawn prior to settlement, that the medical expense claim was still pending because it had been pleaded in the complaint and in pre-trial statements to be absurd and frivolous. Brief for Appellant at 10–11. The claim was withdrawn on the record, Appellee did not present any evidence to the jury with respect to medical expenses and redacted a videotape presented to the jury to remove testimony regarding medical expenses. Trial Court Opinion at 1, 5; Brief for Appellee at 2. Many claims are pleaded in complaints only to be later withdrawn, to say that such claims magically reappear simply because the parties choose to settle rather than to proceed to jury verdict would result in a situation where a formal dismissal of a claim would be rendered meaningless.

6. In *Strickler*, the plaintiffs argued that payments received from health insurance could not be used to offset the settlement because the monies received from the insurance company were for the minor child's normal and

Appellee's claims for medical expenses had been withdrawn prior to settlement; the settlement only covered the claims for pain and suffering. Thus, *Fanning* and *McCarthy* control. Accordingly, we find that Appellant is not entitled to offset the $5,691.85 paid by Appellee's health insurance.

¶ 5 For all of the foregoing reasons, we affirm the trial court's grant of the Petition to Enforce Settlement.

¶ 6 Affirmed.

necessary medical expenses not for those medical expenses attributable to the defendant doctor's negligence. *Strickler,* 571 Pa. at 627, 813 A.2d at 653–54. In *Bell,* the plaintiffs argued that they were being penalized due to the defendant's insurer's insolvency and that the defendant should be held personally liable if PPICGA was not obligated to pay the damages in question. *Bell,* 571 Pa. at 336–38, 812 A.2d at 568–69. Finally, in *Price,* the plaintiffs argued that the minor child's claim for her medical expenses was distinct from that of her parents for the child's medical expenses, and that the monies they had been reimbursed for her medical expenses were from her father's health insurance and thus only attributable to his claims for her medical expenses. *Price,* 795 A.2d at 410.