J-A27012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHERRY FIEGER & MARCIANO, LLP, DAVID R. CHERRY AND THOMAS FIEGER, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEVIN MARCIANO AND MARCIANO & MACAVOY | |
| APPEAL OF: THOMAS FIEGER, JR. | No. 257 EDA 2016 |

Appeal from the Order Entered December 18, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term, 2011, No. 01907

\*\*\*\*\*

| | |
|---|---|
| CHERRY FIEGER & MARCIANO, LLP, DAVID R. CHERRY AND THOMAS FIEGER, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEVIN MARCIANO AND MARCIANO & MACAVOY | |
| APPEAL OF: THOMAS FIEGER, JR. | No. 258 EDA 2016 |

Appeal from the Order Entered July 1, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term, 2011, No. 01907

J-A27012-16

BEFORE: LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 19, 2017**

Thomas Fieger, Jr., appeals from the orders, entered in the Court of

Common Pleas of Philadelphia County, which denied his motion to disqualify

Dion Rassias and the Beasley Law Firm as attorneys for Appellees David

Cherry and Cherry Fieger and Marciano, LLP, and which granted the motion

filed by Appellees to enforce settlement against Fieger.  Upon review, we

quash the appeal of the order denying the motion to disqualify and we affirm

the grant of the motion to enforce settlement.

The trial court summarized the relevant facts of this matter as follows:

This case arose out of the break-up of a law firm, Cherry Fieger
& Marciano, LLP.  When this action was first filed, Messrs. Cherry
and Fieger were on the same side, against Mr. Marciano.
Although Attorney Rassias represented both Messrs. Cherry and
Fieger in the earlier stages of the litigation, he withdrew his
appearance for Mr. Fieger in October, 2013, and Attorney Curran
entered his appearance for Mr. Fieger.  Mr. Fieger did not object
to Attorney Rassias' continued representation of Mr. Cherry.

On November 22, 2013, the court ruled in favor of Mr. Marciano
on the measure of damages to be used at trial and "strongly
suggest[e]d that the parties re-discuss settlement" in light of
that ruling.  On the eve of trial in February 2014, the parties
informed the court that they had settled the action.  The three
former partners entered into a Settlement Agreement regarding
the treatment of monies held in the firm's escrow accounts, the
prosecution of ongoing cases, and the division of future fees
earned in such cases, among other things.  As a result, on
February 19, 2014, the court closed the case by marking it
"Settled" on the docket.

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

Approximately one year later, Messrs. Cherry and Fieger on the one hand, and Mr. Marciano on the other, had a disagreement as to certain terms of the Settlement Agreement, so Messrs. Cherry and Fieger filed a [m]otion to [e]nforce the [s]ettlement and Mr. Marciano filed a [c]ross-[m]otion to [e]nforce [s]ettlement. Both [m]otions were granted in part by the court in an [o]rder docketed on February 18, 2015[.] No appeal was filed by any party from that decision.

Soon thereafter, Messrs. Cherry and Fieger ceased to agree on the apportionment of fees between them. Mr. Cherry, through Attorney Rassias, filed a [m]otion to [e]nforce [s]ettlement in May, 2015, more than two months after the time for appealing the [s]ettlement [o]rder had run. That same month, Attorney Curran withdrew as counsel for Mr. Fieger, and Attorney Weir entered his appearance instead. Attorney Weir[,] on behalf of Mr. Feiger[,] then moved to disqualify Attorney Rassias from continuing to represent Mr. Cherry based on th[e] fact that Attorney Rassias had represented both Messrs. Cherry and Fieger when their interests were aligned against Mr. Marciano.

On July 2, 2015, the court denied Mr. Fieger's new counsel's [m]otion to [d]isqualify Mr. Cherry's counsel. Mr. Fieger then filed a [m]otion for [r]econsideration of the disqualification denial and vigorously opposed Mr. Cherry's [m]otion to [e]nforce [s]ettlement[,] including filing a [m]otion to [d]ismiss the [m]otion to [e]nforce. On December 18, 2015, the court denied the [m]otion for [r]econsideration of the denial of disqualification, denied the [m]otion to [d]ismiss, and granted the [m]otion to [e]nforce [s]ettlement.

By separate [o]rder dated the same date, the court noted that some additional discovery as to the fees to be divided among the parties is still needed. Furthermore, the court and counsel, including Attorneys Weir and Rassias, discussed on the record the possibility that a hearing would be necessary in the future to resolve some of the parties' issues with respect to enforcement of the Settlement Agreement. As a result of these interim [o]rders, the court reactivated this case on its docket in anticipation of further rproceedings.

Mr. Fieger, through Attorney Weir, then filed two [n]otices of [a]ppeal from the four orders docketed on December 18th.

Trial Court Opinion, 3/3/16, at 1-3 (footnotes omitted).

Fieger's two appeals have been consolidated, and he raises the following issues for our review:

1. Whether Mr. Fieger's appeal of the July 1, 2015 [o]rder denying his [m]otion to [d]isqualify and the December 18, 2015 [o]rder denying his [m]otion for [r]econsideration of the [o]rder denying his [m]otion to [d]isqualify is timely.

2. Whether the lower court erred in denying Mr. Fieger's [m]otion to [d]isqualify where Beasley represented Mr. Fieger in the lower court, then later withdrew as counsel for Mr. Fieger, and then filed the [m]otion to [e]nforce [s]ettlement against Mr. Fieger on behalf of Mr. Cherry in the same matter in which it had previously represented Mr. Fieger.

3. Whether Mr. Fieger's appeal of the December 18, 2015 [o]rders granting his [m]otion to [e]nforce [s]ettlement and denying his [m]otion to [d]ismiss is timely and not premature.

4. Whether the lower court erred in granting the [m]otion to [e]nforce [s]ettlement where the lower court did not have subject matter jurisdiction over the [m]otion to [e]nforce [s]ettlement as the lower court did not reserve jurisdiction over the Settlement Agreement.

5. Whether the lower court erred in granting the [m]otion to [e]nforce settlement as Mr. Cherry was not entitled to the relief requested in the [m]otion to [e]nforce [s]ettlement and the lower court did not specify in the [s]ettlement [o]rder how the Settlement Agreement is to be enforced.

Brief of Appellant, at 4-5.

Before we reach the merits of Fieger's issues raised on appeal, we first must address whether his notices of appeal were timely filed. The trial court is of the opinion that "[n]either appeal is proper [since one] was filed too late, and one because it was filed too early." Trial Court Opinion, 3/3/16, at 3. We agree that the notice of appeal of the order denying the motion to

- 4 -

disqualify counsel was untimely filed. However, we find that the notice of appeal was timely filed regarding the order enforcing settlement and the order denying Fieger's motion to dismiss the settlement, and, following our analysis below, we affirm those orders.

The trial court denied Fieger's motion to disqualify in an order dated July 1, 2015, and docketed July 2, 2015. Accordingly, Fieger had until August 3, 2015,[1] to file a timely notice of appeal, assuming the order was an appealable order. *See* Pa.R.A.P. 903 (appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); Pa.R.A.P. 313(b) (order is collateral and appealable if it is "separable from and collateral to the main cause of action[,] the right involved is too important to be denied review[,] and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost"). Instantly, however, Fieger also filed a motion for reconsideration on July 6, 2015, which the court did not rule upon until December 18, 2015. Thereafter, on December 22, 2015, Fieger filed a notice of appeal.

We note that a motion for reconsideration does not act to toll the appeal period unless the trial court expressly grants reconsideration within the 30-day appeal period. *Cheathem v. Temple Univ. Hosp.*, 743 A.2d 518, 520 (Pa. Super. 1999) ("the mere filing of a petition requesting

_____

[1] August 1 and 2, 2015, fell on a Saturday and Sunday, respectively.

reconsideration of a[n] order of the trial court does not toll the normal 30-day period for appeal"); *see* Pa.R.A.P. 1701(b)(3). Here, the court denied reconsideration. Accordingly, the time for filing a notice of appeal was not tolled, and Fieger's notice of appeal regarding the ruling on the motion to disqualify was patently untimely.[2] Accordingly, we quash the appeal as to this order, at docket number 258 EDA 2016.

Next, we turn to the orders granting the motion to enforce settlement and denying the motion to dismiss the motion to enforce settlement between the parties, which are the subject of the appeal at docket number 257 EDA 2016. The trial court indicated that in the context in which the order granting the motion to enforce settlement was entered, the order was "an interim, not a final, order," and an appeal would have been proper only "after discovery, a hearing, and a final judgment on distribution under the Settlement Agreement[.]" Trial Court Opinion, 3/3/16, at 4. We disagree.

---

[2] Fieger argues that because the trial court must make a final determination as to the collateral matter, it was proper to appeal from the December 18, 2015 order denying the motion to disqualify. *See In re Estate of Petro*, 694 A.2d 627, 636 (Pa. Super. 1997) (to be appealable, "the lower courts determination on the collateral matter must be final"); *see also Jones v. Faust*, 852 A.2d 1201 (series of orders imposing sanctions for failure to comply with discovery orders could be appealed more than 30 days after they were entered because no finality was implied). In the instant matter, however, the order docketed July 2, 2015, finally disposed of the collateral matter of whether The Beasley Law Firm was to be disqualified, rather than the order denying reconsideration of said order. Accordingly, the collateral order to be appealed from was entered July 2, 2015, and the 30-day appeal period ended August 3, 2015.

The plain language of the order indicates that it was appealable since it was an order granting a motion to enforce settlement. ***See, e.g.***, ***Brostoski v. Lucchino***, 835 A.2d 751 (Pa. Super. 2003). Here, the order in question simply stated that "it is hereby ORDERED and DECREED that the [m]otion to [e]nforce [s]ettlement is GRANTED." Insofar as the trial court indicated its belief that the order was an interim order, this appears to be because the court scheduled a status conference for the next month to provide oversight regarding the enforcement of the Settlement Agreement. Nevertheless, this does not change the finality of the order itself. Moreover, the court also noted that it was issuing an order that was "enforcing the [Settlement] [A]greement . . . that's final and the rest of it is up to the parties to essentially carry out. If there's a dispute with that, [the court has[] jurisdiction over it, [and] we'll hear it." N.T. Hearing, 12/17/15, at 17-18. Accordingly, the order was appealable, ***Brostoski***, ***supra***, and Fieger timely appealed.

Fieger next argues that

[t]he jurisdiction of the lower court was relinquished upon notation on the docket that the case was settled. All action taken on the case after the case was terminated in the lower court is without force or effect. Thus, the [order granting the motion to enforce settlement was] post-final[,] entered after all claims and parties had been disposed of by the lower court.

Brief of Appellant, at 29. This argument is entirely specious, as the court did not need to specifically retain jurisdiction. Indeed, a "settlement of litigation is always referable to the action or proceeding in the court where the

compromise was effected; it is through that court the carrying out of the agreement should thereafter be controlled." *Melnick v. Binenstock*, 179 A. 77, 78 (Pa. 1935).

Fieger also asserts that "the case was marked as terminated on the docket in February 2014 without reservation of jurisdiction." This claim, however, is meritless, since the docket entry merely indicates that the matter "settled" after being assigned to a trial judge. The docket in no way indicates that the action was terminated. *See Cameron v. Great Atl. & Pac. Tea Co.*, 266 A.2d 715, 717 (Pa. 1970) (where settlement reached but "none of the parties filed praecipes to settle, discontinue and end with prejudice[,]" court retained jurisdiction over cause of action). Accordingly, the trial court had jurisdiction to entertain the motion to enforce settlement in the instant matter.

Finally, Fieger argues that Cherry was not entitled to the particular relief he requested in the motion to enforce settlement and argues that the court erred by failing to specifying how to enforce the Settlement Agreement. However, the order granting the motion to enforce settlement does nothing more than make the terms of the Settlement Agreement itself enforceable. Moreover, the transcript from the hearing on the motion indicates that the order was intended to mean that no other specific relief was being granted. *See* N.T. Hearing, 12/17/15, at 18-19 ("[the court is] enforcing the agreement," and "I'm just going to put into the record the Settlement Agreement . . . If there's a dispute about the terms of that

Settlement Agreement, I have the jurisdiction to enforce it the way the [c]ourt decides"). The court purposefully did not include particular means of enforcing the Settlement Agreement to allow the agreement to speak for itself before becoming involved—if a problem arose and one of the parties later requested specific relief. Thus, this issue is without merit.

Based upon the foregoing, the appeal at docket number 258 EDA 2016 is quashed. The orders, which are the subject of the appeal at docket number 257 EDA 2016, granting the motion to enforce the Settlement Agreement, and denying the motion to dismiss the motion to enforce, are affirmed.

Quashed in part. Affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/19/2017</u>