J-S20036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WAYNE DOUGLAS TILLEY, JR. | : | |
| | : | |
| Appellant | : | No. 1390 MDA 2017 |

Appeal from the PCRA Order August 14, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0003781-2014,
CP-40-CR-0003782-2014

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY GANTMAN, P.J.:           **FILED MAY 22, 2018**

Appellant, Wayne Douglas Tilley, Jr., appeals from the order entered in the Luzerne County Court of Common Pleas that denied his *pro se* petitions to reinstate and amend his first petition filed under the Post Conviction Relief Act ("PCRA"),[1] which he filed after the court had denied PCRA relief.  We affirm.

The relevant facts and procedural history of this case are as follows.  On December 14, 2015, Appellant entered *nolo contendere* pleas to one count of reckless burning or exploding at Docket Numbers 3781-2014 and 3782-2014, respectively.  The court sentenced Appellant on February 18, 2016, to an aggregate term of twenty-eight (28) to fifty-six (56) months' incarceration, plus two (2) years' probation.  Appellant did not pursue direct review, so the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

judgment of sentence became final as of Monday, March 21, 2016.

On February 17, 2017, Appellant timely filed his first PCRA petition through counsel, arguing plea/sentencing counsel rendered ineffective assistance when they failed, *inter alia*, to request that Appellant undergo a mental health evaluation before sentencing. On May 12, 2017, the PCRA court conducted an evidentiary hearing, at which Appellant testified he unknowingly and involuntarily entered his *nolo contendere* pleas, because he was under the influence of several medications during the *nolo contendere* hearing. The PCRA court denied Appellant's PCRA petition on May 16, 2017. On May 22, 2017, PCRA counsel filed a motion for reconsideration and for leave to withdraw as counsel. The PCRA court denied the reconsideration motion and granted PCRA counsel leave to withdraw on May 23, 2017. Appellant did not file an appeal.

Instead, on June 12, 2017, Appellant filed a *pro se* "Petition for PCRA Reinstatement and Effective Counsel," arguing PCRA counsel was ineffective allegedly for failing to assert issues Appellant wished to raise and incompetently presenting other claims. Appellant filed on July 6, 2017, a *pro se* motion to amend his June 12th filing. The PCRA court denied Appellant's *pro se* filings on August 14, 2017. On August 31, 2017, Appellant filed a request for appellate counsel and a notice of appeal purportedly from the May 16, 2017 order and the August 14, 2017 order. On September 1, 2017, the PCRA court appointed appellate counsel and ordered Appellant to file a concise

statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant

timely complied on September 20, 2017.

Appellant raises two issues for our review:

> WHETHER TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO BRING TO THE [PLEA] COURT'S ATTENTION THAT…APPELLANT WAS OVERMEDICATED AT THE TIME OF HIS [*NOLO CONTENDERE*] PLEA, THUS MAKING HIS PLEA INVOLUNTARY[?]
>
> WHETHER TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO REQUEST THAT THE [SENTENCING] COURT ORDER…APPELLANT TO SUBMIT TO A MENTAL HEALTH EVALUATION PRIOR TO SENTENCING[?]

(Appellant's Brief at 1).

As a prefatory matter, we must address the timeliness of Appellant's

appeal. Pennsylvania Rule of Appellate Procedure 903 provides:

**Rule 903. Time for Appeal**

**(a) General rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

Pa.R.A.P. 903(a). Time limitations for taking appeals are strictly construed

and cannot be extended as a matter of grace. ***Commonwealth v. Valentine***,

928 A.2d 346 (Pa.Super. 2007). This Court can raise the matter *sua sponte*,

as the issue is one of jurisdiction to entertain the appeal. ***Id.*** This Court has

no jurisdiction to entertain an untimely appeal. ***Commonwealth v.***

***Patterson***, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960

A.2d 838 (2008). Generally, an appellate court may not enlarge the time for

filing a notice of appeal. Pa.R.A.P. 105(b). Extension of the filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in the court's operation. ***Commonwealth v. Braykovich***, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996).

When an appellant files a motion for reconsideration of a final order, he must file a protective notice of appeal to ensure preservation of his appellate rights, in the event the court does not expressly grant reconsideration within the thirty-day appeal period. ***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa.Super. 2000). ***See also Cheathem v. Temple University Hosp.***, 743 A.2d 518, 520-21 (Pa.Super. 1999) (stating: per "the Rules of Appellate Procedure, the 30-day period may only be tolled if that court enters an order 'expressly granting' reconsideration within 30 days of the final order. There is no exception to this Rule, which identifies the only form of stay allowed. A customary order and rule to show cause, fixing a briefing schedule and/or hearing date, or any other order except for one 'expressly granting' reconsideration, is inadequate").[2] In other words, the mere filing of a motion for reconsideration does not toll the thirty-day appeal period; the court must

---

[2] Generally, the Rules of Appellate Procedure apply to criminal and civil cases alike; the principles enunciated in civil cases construing those rules are equally applicable in criminal cases. ***See Commonwealth v. Levanduski***, 907 A.2d 3, 29 n.8 (Pa.Super. 2006) (*en banc*), *appeal denied*, 591 Pa. 711, 919 A.2d 955 (2007) (stating rules of appellate procedure apply to criminal and civil cases alike).

- 4 -

expressly grant reconsideration of the order at issue within thirty days of entry of that order. ***Moir, supra***. An appeal "from an order denying reconsideration is improper and untimely." ***Id.*** In this context, the appeal does not lie from the order denying reconsideration; filing an appeal from that order is insufficient to preserve appellate rights, as "we will not permit appellant to do indirectly that which he cannot do directly." ***Provident Nat. Bank v. Rooklin***, 378 A.2d 893, 897 (Pa.Super. 1977). ***Accord Cheathem, supra***.

Instantly, the PCRA court denied Appellant's first PCRA petition on May 16, 2017. The May 16th order was a final order for purposes of appeal. PCRA counsel subsequently filed a reconsideration motion, which the PCRA court denied on May 23, 2017. Therefore, Appellant had until June 15, 2017, to file an appeal from the order denying his first PCRA petition. Instead, Appellant chose to file on June 12, 2017, a *pro se* "Petition for PCRA Reinstatement and Effective Counsel." Appellant later filed a *pro se* petition to amend the June 12th filing on July 6, 2017. The PCRA court denied both *pro se* filings on August 14, 2017. On August 31, 2017, Appellant filed a notice of appeal purporting to appeal from the May 16, 2017 order **and** the August 14, 2017 order.

Here, Appellant filed the notice of appeal 107 days after the PCRA court had denied Appellant's first PCRA petition on May 16, 2017. Thus, to the extent Appellant tried to appeal the May 16th order on August 31, 2017, his appeal is patently untimely. ***See*** Pa.R.A.P. 903(a). The record contains no extraordinary circumstances such as a breakdown in the operations of the

- 5 -

court to excuse Appellant's untimely challenge to the May 16th order. **See Braykovich, supra**. Further, nothing PCRA counsel or Appellant filed after May 16, 2017, tolled the applicable 30-day appeal period. **See Provident Nat. Bank, supra**. Appellant's failure to file a timely appeal from the May 16th order precludes our review of any issue pertaining to Appellant's first PCRA petition. **See** Pa.R.A.P. 903; **Patterson, supra**. Appellant's appeal from the August 14th order, however, was timely filed on August 31, 2017. **See** Pa.R.A.P. 903.

Nevertheless, any petition for collateral relief will generally be considered a PCRA petition if the petition raises issues cognizable under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). Regardless of its label, a subsequent PCRA petition does not automatically become part of the initial PCRA proceeding. **Commonwealth v. Porter**, 613 Pa. 510, 523-24, 35 A.3d 4, 12 (2012) (explaining Pa.R.Crim.P. 905 explicitly requires leave of court to file amendment to PCRA petition). The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016).

A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at

the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A common allegation of ineffective assistance of counsel, even if cast in the language of a statutory exception, does not generally establish jurisdiction over an otherwise untimely PCRA petition. *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 80, 753 A.2d 780, 785 (2000). Only in rare instances, will the law allow a petitioner to proceed with a second, albeit untimely, PCRA petition. *See, e.g., Commonwealth v. Bennett*, 593 Pa. 382, 399-400, 930 A.2d 1264, 1274

(2007) (allowing prompt, untimely petition under "newly-discovered facts exception" where petitioner claims specific abandonment of counsel on prior appeal).

Instantly, Appellant filed a *pro se* document, titled as a "Petition for PCRA Reinstatement and Effective Counsel," on June 12, 2017. In his June 12th petition, Appellant asserted claims of PCRA counsel's ineffectiveness. Ineffective assistance of counsel claims are generally cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii) (stating claim of ineffective assistance of counsel is cognizable under PCRA). Appellant's June 12th *pro se* filing constituted a second PCRA petition. **See Zeigler, supra** at 852 (holding petitioner does not have to wait for expiration of thirty-day appeal period from order denying PCRA relief in order to file subsequent PCRA petition; if petitioner files another PCRA petition within thirty-day appeal period and then decides to file appeal from denial of his prior petition also within appeal period, then petitioner's appeal takes priority, and petitioner's subsequent PCRA petition is subject to dismissal under **Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585 (2000)).

Here, Appellant's judgment of sentence became final on Monday, March 21, 2016, upon expiration of the 30-day period for filing a direct appeal. **See** Pa.R.A.P. 903(a). Appellant filed the second and current PCRA petition on June 12, 2017, which is patently untimely. **See** 42 Pa.C.S.A. § 9541(b)(1). In the petition, Appellant asserts first PCRA counsel was ineffective for

incompetently presenting claims related to Appellant's *nolo contendere* pleas and for allegedly failing to present other claims Appellant wanted to raise. These kinds of ineffectiveness of counsel claims, however, do not render Appellant's second PCRA petition timely. **See Gamboa-Taylor, supra**. Therefore, Appellant's second and current PCRA petition was untimely filed, and the PCRA court lacked jurisdiction to review it.[3] **See Zeigler, supra**. Accordingly, we affirm. **See Commonwealth v. Reese**, 31 A.3d 708, 727 (Pa.Super. 2011) (*en banc*) (stating appellate court may affirm order of trial court on any basis if ultimate decision is correct).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2018

---

[3] We observe the PCRA court failed to issue Rule 907 notice before it denied what we have determined was Appellant's second PCRA petition. Appellant has not raised this issue on appeal, so he waived any defect in notice. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013) (explaining appellant's failure to raise on appeal PCRA court's failure to provide Rule 907 notice results in waiver of claim). Moreover, the court's failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely. **Id.**