Jacqueline CHEATHEM,[1] Appellant,

v.

TEMPLE UNIVERSITY HOSPITAL, Temple Hand Center, Amit Mitra, M.D., Alex Ferrera, OTR, R. Goldstein, M.D. and Dennis B. Zaslow, D.O., Appellees.

Superior Court of Pennsylvania.

Argued Oct. 26, 1999.

Filed Dec. 20, 1999.

1. The spelling of appellant's name above appears accurate, judging by her signatures throughout the record. However, in all court records and pleadings for both sides save the

Adrian J. Moody, Philadelphia, for appellant.

Frederick J. Stellato, Philadelphia, for appellees.

Before JOHNSON and STEVENS, JJ., and CIRILLO, President Judge Emeritus.

notice of appeal and appellant's brief, her   name is given as "Cheatem."

CIRILLO, President Judge Emeritus:

¶ 1 Jacqueline Cheathem has filed a notice of appeal from an order denying reconsideration of the final order granting summary judgment in favor of defendants Temple University Hospital, Amit Mitra, M.D., and Ronald Goldstein, M.D., in the instant medical malpractice case. We are without jurisdiction and therefore quash this appeal.

¶ 2 The trial court herein entered a final order on November 13, 1998, granting summary judgment for appellees. Ten days later, on or about November 23, 1998, Cheathem filed a petition requesting the trial court to reconsider its final order. She did not simultaneously file a notice of appeal. The trial court did not file an order "expressly granting" reconsideration. On December 1, 1998, defendants filed a reply in opposition to Cheathem's request for reconsideration. One week later, the trial court entered an order denying Cheathem's petition for reconsideration.

¶ 3 On December 13, 1998, a date 30 days after the final order granting summary judgment, the period within which Cheathem had been permitted to file an appeal expired. At that time, Cheathem had not yet filed a notice of appeal. However, on January 8, 1999, Cheathem filed a notice of appeal from the trial court's December 8, 1998 order denying reconsideration.

¶ 4 A well respected appellate practice guide contains the following warning: "Unfortunately, few Rules of Appellate Procedure have created more confusion and, hence, more litigation than Rule 1701(b)(3)." G. Ronald Darlington et al., *Pennsylvania Appellate Practice 2d*, § 1701:21 (2d ed.1998), discussing Pa. R.A.P. 1701(b)(3). The rule is indeed a trap for the unwary. For this reason, all concerned with the law in this Commonwealth should be well versed in its intricacies. These have been fully explained elsewhere, and we do not attempt to do so here. Instead, we wish to remove confusion caused not by the Rule itself but by an earlier statement of our own court.

¶ 5 It is by now well known that the mere filing of a petition requesting reconsideration of a final order of the trial court does not toll the normal 30–day period for appeal from the final order. *Moore v. Moore*, 535 Pa. 18, 26, 634 A.2d 163, 167 (1993); Pa.R.A.P. 903(a). Recognizing this, Appellees herein have suggested that Appellant failed to obtain a tolling of this period because she did not file a petition in the trial court requesting a stay of proceedings while her reconsideration petition was under advisement. Appellees have correctly cited *Provident Nat'l Bank v. Rooklin*, 250 Pa.Super. 194, 378 A.2d 893 (1977), for this proposition.

¶ 6 Appellees' citation is correct; the statements of this court, however, were not clear. Our confusing statements regarding stays in *Provident Nat'l Bank* have been justly criticized in Darlington, *supra,* and elsewhere, but they have never specifically been clarified. The appeal period will *not* be tolled by a trial court order staying proceedings, despite the pronouncements in that case. There is only one way for the trial court to toll or stay the appeal statute and thus to "retain control" once a petition for reconsideration has been filed. As stated in the Rules of Appellate Procedure, the 30–day period may only be tolled if that court enters an order "expressly granting" reconsideration within 30 days of the final order. Pa. R.A.P. 1701(b)(3)(i), (ii) and Note thereto; *Valley Forge Ctr. Assocs. v. Rib–It/K.P., Inc.,* 693 A.2d 242 (Pa.Super.1997). *See City of Phila. Police Dept. v. Civil Service Comm. of the City of Phila.,* 702 A.2d 878 (Pa.Cmwlth.1997) (Commonwealth Court interprets Rule identically when reviewing orders of state and local agencies). There is no exception to this Rule, which identifies the only form of stay allowed. A customary order and rule to show cause fixing a briefing schedule and/or hearing date, or any other order except for one

"expressly granting" reconsideration, is inadequate. *Valentine v. Wroten*, 397 Pa.Super. 526, 580 A.2d 757 (1990).

> Therefore, as the comment to Pa.R.A.P. 1701 explains, although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition.

*Valley Forge, supra* at 245.

 ¶ 7 In the case at hand, the court denied the petition within the 30–day period allowed for appeal, as per the last phrase of the quote above. However, no notice of appeal had been filed simultaneously with the petition for reconsideration. Additionally, counsel did not file a notice of appeal between the trial court's December 8, 1998 order denying reconsideration and the December 13, 1998 expiration of the appeal period. Cheathem's January 8, 1999 notice of appeal was instead filed only after the 30–day period for appeal of the November 13, 1998 order had expired. Since the trial court had not entered an order expressly granting Cheathem's reconsideration petition, the 30–day period had not been tolled. Rule of Appellate Procedure 903(a), requiring the notice of appeal to be filed within 30 days, thus remained in effect. Since Cheathem did not comply with it, she lost her right to appeal.

¶ 8 In light of the foregoing, we cannot permit Cheathem to gain review of her case by the artifice of stating that she takes her appeal not from the final summary judgment order, but rather from the non-appealable reconsideration order. As we opined in *Provident Nat'l Bank, supra*:

> Appellant has appealed from the order denying h[er] petition for reconsideration. Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal. We will not permit appellant to do indirectly that which [s]he cannot do directly.

*Id.* at 897 (citations omitted).

¶ 9 If we view Cheathem's notice of appeal on its face, our response must be that she has attempted to appeal from a non-appealable order denying reconsideration. If we scratch the surface, however, we find an attempt to disguise the fact that on January 8, 1999, Cheathem filed a notice of appeal from a final order dated November 13, 1998. Her notice of appeal is untimely, and an untimely appeal must be quashed. *Id.* at 894, citing *West Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975). Although we may overrule our own, we are without jurisdiction to excuse Cheathem's error; indeed, we have been divested of jurisdiction by it. *In re Greist*, 431 Pa.Super. 188, 636 A.2d 193 (1994).

¶ 10 Appeal quashed.