J-S10020-15

2016 PA Super 31

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASTRA FOODS INC., JOSE NOE CASTILLO RAMOS, AND AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY | |
| APPEAL OF: ASTRA FOODS INC. | No. 1392 EDA 2014 |

Appeal from the Order March 19, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): February Term, 2012 No. 00902

BEFORE: GANTMAN, P.J., STABILE, J., and PLATT, J.*

CONCURRING OPINION BY GANTMAN, P.J.: **FILED FEBRUARY 12, 2016**

After careful review of the record in this case, as well as the briefs of the parties and the relevant law, I concur in the result, *i.e.*, affirm summary judgment in favor of Appellee, Westfield Insurance. I write separately to make several points.

Initially, I observe that the trial court entered a final appealable order granting summary judgment in favor of Westfield Insurance on December 30, 2013, from which Astra had thirty days to file an appeal. Within that thirty-day period, Astra filed a motion for reconsideration but no notice of appeal. In response to the motion, the court vacated its December 30th order and set a briefing schedule. Certainly, the court had jurisdiction and

_____

*Retired Senior Judge assigned to the Superior Court.

authority to vacate its December 30th order, pursuant to 42 Pa.C.S.A. § 5505 (stating: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed").

When a court acts in response to a motion for reconsideration, settled case law also states the established way to toll the appeal period is by entry of an order **expressly granting reconsideration** (not necessarily the relief requested) within the same thirty-day appeal period. ***See, e.g., Sass v. Amtrust Bank***, 74 A.3d 1054 (Pa.Super. 2013), *appeal denied*, 624 Pa. 675, 85 A.3d 484 (2013); ***Cheathem v. Temple University Hospital***, 743 A.2d 518 (Pa.Super. 1999); Pa.R.A.P. 1701(b)(3) (requiring timely application for reconsideration and responsive court order expressly granting reconsideration within prescribed time in order to toll appeal period). ***See also Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, S.C. et al.***, 108 A.3d 913 (Pa.Super. 2015).

An order expressly granting a motion for reconsideration within the thirty-day appeal period effectively vacates the court's prior final order or judgment. ***See PNC Bank, N.A. v. Unknown Heirs***, 929 A.2d 219 (Pa.Super. 2007); Pa.R.A.P. 1701(b)(3) (stating: "Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the

decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit").

The present case raises a different question: whether an order that, in response to a motion for reconsideration, simply vacates a prior final order or judgment, has the same effect as an order expressly granting reconsideration. Without belaboring the point, appellate courts largely seem to accept that it does. In my opinion, however, the wiser course in this context would be for the trial court to enter an order expressly granting reconsideration, set a briefing schedule, and decide promptly whether to grant or deny any form of relief on the merits. **See id.**

Next, I recognize that the two insurance policies at issue are distinct, that Mr. Ramos was determined to be a non-employee for purposes of workers' compensation insurance policy coverage, and on the other hand, Mr. Ramos was determined to be an employee (leased worker) for purposes of the CGL insurance policy exclusion. By virtue of the unchallenged outcome of workers' compensation proceeding and the CGL policy exclusion, Astra is essentially left uninsured for Mr. Ramos' injuries. The record makes clear Astra argued several different forms of estoppel before the trial court to bar the eventual outcome in this case, but Astra did not formulate an identifiable judicial estoppel position until this appeal or develop any standpoint based on its reasonable expectations under the policies. Astra is

now left to bear the consequences. Accordingly, I am constrained to concur in the result reached in this case.

Judge Platt joins this concurring opinion.