J-A26005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.C.B. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | | |
| v. | | |
| J.S.B. | | |
| Appellee | | No. 636 MDA 2017 |

Appeal from the Order Entered March 16, 2017
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 2016-CV-00825

BEFORE:  BOWES, OLSON, AND RANSOM, JJ.

JUDGMENT ORDER BY BOWES, J.:                    **FILED OCTOBER 02, 2017**

S.C.B ("Mother") appeals the March 16, 2017 order that granted two motions for reconsideration filed by J.S.B. ("Father") and revised the final custody orders entered on August 3, 2016, and November 4, 2016, respectively.[1]  As the trial court lacked authority to reconsider the custody orders under the procedural posture of this case, we vacate the nugatory order purporting to grant relief.

I.W.B. was born during 2014 of the marriage between Mother and Father.  On February 11, 2016, Mother filed a complaint for custody against

_____

[1] On the same date, the trial court entered an order appointing Samuel Andes, Esquire as guardian *ad litem* for the parties' minor son, I.W.B.  As that order is not before us on appeal, we do not disturb it.

Father that requested shared legal custody and primary physical custody of their son. Over the ensuing six months, Mother exercised primary physical custody of I.W.B. pursuant to a series of interim orders. Father was awarded supervised partial physical custody that was administered by Catholic Charities for a fee of $50 per hour. Following the custody trial, on August 3, 2016, the trial court entered a final custody order awarding Mother primary physical custody. Father was granted periods of partial physical custody. The parties continued to share legal custody.

Father did not appeal the custody order. Instead, he made a tactical decision to request reconsideration of the order pursuant to Pa.R.C.P. 1930.2. In pertinent part, Father requested that the court modify the custody order to reflect, *inter alia*, that he is entitled to exercise custody on the first, third, and, where applicable, fifth weekends of the month and award him $3,015 as reimbursement for the cost of his supervised custody of I.W.B. While Father's motion for reconsideration was timely filed, the court failed to grant reconsideration expressly within the thirty-day appeal period. Instead, four days after the appeal period expired, the trial court issued an order and rule to show cause why the requested relief should not be granted. Thereafter, the issue of reconsideration stalled.

The contentious litigation continued, however, and on November 4, 2016, the trial court made minor adjustments to the custody schedule based upon the parties' October 25, 2016 conciliation conference. As those

adjustments did not address Father's initial request for reconsideration, and apparently still oblivious to the consequences of requesting reconsideration pursuant to Rule 1930.2, on December 2, 2016, Father filed a second motion for reconsideration seeking relief identical to his first entreaty. That motion was filed within thirty days of the November 4, 2016 order, but, again, the trial court failed to grant reconsideration expressly within the thirty-day appeal period, which expired on December 5, 2016. Instead, on December 6, 2016, the court issued another rule to show cause why the requested relief should not be granted.

Finally, on March 16, 2017, the trial court entered the above referenced order purporting to grant the relief Father requested in his motions for reconsideration of the orders entered on August 3, 2016, and November 4, 2016, respectively. This timely appeal followed.

Mother contends, *inter alia*, that the trial court lacked authorization to grant either of Father's motions for reconsideration. We agree.

The applicable law is settled, "[t]he trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within thirty days of the entry of the disputed order." **See PNC Bank, N.A. v. Unknown Heirs**, 929 A.2d 219 (Pa. Super. 2007) (citation omitted). However, "[t]he mere filing of a motion for reconsideration . . . is insufficient to toll the appeal period." **Id**. Where, as here, "the trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power

- 3 -

to act upon both the motion and the original order." ***Id***. Furthermore, assuming, *arguendo*, that either of the trial court's rules to show cause were timely, such orders do not constitute an express grant of reconsideration. ***See Cheathem v. Temple University Hosp***., 743 A.2d 518, 520-521 (Pa.Super. 1999) ("A customary order and rule to show cause fixing a briefing schedule and/or hearing date, or any other order except for one 'expressly granting' reconsideration, is inadequate."). Thus, by failing to expressly grant either of Father's motions for reconsideration within the thirty-day appeal period, the trial court divested itself of the authority to act upon them.[2]

The order entered on March 16, 2017, is vacated. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/2/2017</u>

_____

[2] Under the correct application of Rule 1930.2(b) and(c), a trial court has thirty days from the entry of the underlying order to expressly grant the motion for reconsideration, which tolls the appeal period and carves a 120-day period for the court to render its reconsidered decision.