J-S75044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.L.M. AND B.D.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.M.C. AND A.J.C. | : | |
| | : | |
| Appellants | : | No. 1136 WDA 2017 |

Appeal from the Order July 7, 2017
In the Court of Common Pleas of Blair County
Orphans' Court at No(s): 2013 GN 1533

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED: April 2, 2018**

A.M.C. ("Mother") and A.J.C. ("Adoptive Father") (collectively, "Parents") appeal from the July 7, 2017 order, entered in the Court of Common Pleas of Blair County, granting the petition for reconsideration filed by J.L.M. ("Maternal Grandmother" and B.D.M. ("Maternal Step-Grandfather") (collectively, "Maternal Grandparents"), allowing Maternal Grandparents standing to seek custody of Parents' minor son, T.E.C. ("Child) (now 11 years of age), and denying Parents' motion to dismiss for lack of standing. As we find the trial court's July 7, 2017 order is a nullity, we vacate the order.[1]

Mother and J.R. ("Biological Father") are the natural parents of Child. At the time of Child's birth, Mother resided with Maternal Grandparents.

---

[1] We recognize that an order granting standing is not a final order. ***See K.W. v. S.L.***, 157 A.3d 489, 502 (Pa. Super. 2017). However, because we conclude the trial court's order is a nullity, we do not deem it to be interlocutory and enforceable as such.

Biological Father was not involved in caring for Child, nor did he visit with Child. Eventually, Mother and Child moved out of Maternal Grandparents' residence and began residing with Mother's then-boyfriend, Adoptive Father.

In May 2013, Maternal Grandparents filed a complaint seeking partial custody of Child. Maternal Grandparents averred they had standing to pursue custody of Child pursuant to 23 Pa.C.S. § 5325(2) of the Child Custody Act ("Act").[2] In particular, Maternal Grandparents argued Biological Father never

_____

[2] The Act confers standing to grandparents seeking custody of a grandchild under the following circumstances:

> **§ 5325.  Standing for partial physical custody and supervised physical custody.--** In addition to situations set forth in section 5324 (relating to standing for any form of physical custody or legal custody), grandparents and great-grandparents may file an action under this chapter for partial physical custody or supervised physical custody in the following situations:
>
>   (1)  where the parent of the child is deceased, a parent or grandparent of the deceased parent may file an action under this section;
>
>   (2)  where the parents of the child have been separated for a period of at least six months or have commenced and continued a proceeding to dissolve their marriage; or
>
>   (3)  when the child has, for a period of at least 12 consecutive months, resided with the grandparent or great-grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, an action must be filed within six months after the removal of the child from the home.

23 Pa.C.S. § 5325.

had contact with Child, and he and Mother had been separated for nearly seven years.

An evidentiary hearing on Maternal Grandparents' complaint was scheduled for April 15, 2014. Prior to the hearing, Mother requested a continuance based upon the fact that she had filed a petition to terminate the parental rights of Biological Father. The trial court granted the request for a continuance. On June 17, 2015, Mother and maternal Grandparents agreed to an interim custody order, awarding Maternal Grandparents periods of partial physical custody every other weekend, but no overnight visits. The order also awarded Mother and proposed Adoptive Father sole legal and primary physical custody of Child. The trial court scheduled a review hearing 90 days after the entry of the interim custody order.

Thereafter, Biological Father's parental rights were involuntarily terminated, and Adoptive Father adopted Child on July 21, 2015. On September 10, 2015, Parents and Maternal Grandparents appeared before the trial court for a review hearing on the interim custody order. At the review hearing, the parties could not agree on a custody schedule. As a result, the custody schedule set forth in the interim custody order was terminated, and the trial court scheduled a hearing on Maternal Grandparents' complaint for August 1, 2016.

On July 8, 2016, Parents filed a motion to dismiss, asserting Maternal Grandparents lacked standing to pursue partial custody of Child. In their motion, Parents argued Maternal Grandparents no longer had standing under

Section 5325(2) because the termination of Biological Father's parental rights and the subsequent adoption of Child by Adoptive Father created an intact family. Because Mother and Adoptive Father were neither separated for a period of more than six months, nor had they commenced a proceeding to dissolve their marriage, Parents argued Maternal Grandparents could not establish standing under Section 5325(2). Accordingly, Parents requested the trial court dismiss Maternal Grandparents' complaint for custody for lack of standing.

On August 1, 2016, the issue of legal standing was argued prior to the commencement of the hearing on Maternal Grandparents' complaint. The trial court then heard testimony on the custody issue, in order to prevent any further delay the case. On October 27, 2016, the trial court issued an opinion and order, concluding Maternal Grandparents lacked standing under Section 5325(3).

On November 3, 2016, Maternal Grandparents filed a petition for reconsideration. The petition for reconsideration asserted the trial court had erred in granting Parents' motion to dismiss because the trial court relied upon Section 5325(3), when Maternal Grandparents had asserted standing based upon Section 5325(2). Thereafter, on November 17, 2016, the trial court entered the following order, dated November 15, 2016:

And NOW this 15th day of November, 2016, the Court notes the following:

(1)

The Court issued an Opinion and Order dated October 26, 2016, in which it dismissed Petitioner/Maternal Grandmother's request for Standing in this custody matter.

(2)

Petitioner through counsel, filed a Petition for Reconsideration alleging the Court relied on the wrong section of the Custody Act ([23] Pa.C.S.A. § 5325[3] rather than [23] Pa.C.S.A. § 5325[2]) in its decision.

(3)

Respondents filed a Response requesting the Court deny Petitioner's Request for Reconsideration as that Motion is disallowed pursuant to Pa.R.C.P. [] 1915.10(d).

(4)

This Court has continuing jurisdiction in custody cases (absent an appeal) (***Moore v. Moore*** 535 Pa. 18 [1991]) and therefore, while recognizing Pa.R.C.P. [] 1915.10(d), the Court still believes it is appropriate to further address the issue of Grandmother's standing. Therefore, the Court directs Court Administration to schedule a one (1) hour hearing in this matter be held before this Judge consistent with the Court's schedule.

Order, 11/17/2016.

A hearing was held on May 24, 2017, and, on July 7, 2017, the trial court entered the following order, dated July 3, 2017:

AND NOW, this 3rd day of July, 2017, the Court grants the reconsideration in the above-captioned matter, and reverses its earlier Order and Opinion, and grants the Petitioner's Request to Intervene.

Order, 7/7/2017.[3]  Parents appealed.  As more fully discussed below, the trial court lacked jurisdiction to enter the July 7, 2017, order.

At the time that Maternal Grandparents filed their motion for reconsideration, Pennsylvania Rule of Civil Procedure 1930.2(b) provided:

> A party aggrieved by the decision of the court may file a motion for reconsideration in accordance with Rule of Appellate Procedure 1701(b)(3). **If the court does not grant the motion for reconsideration within the time permitted, the time for filing a notice of appeal will run as if the motion for reconsideration had never been filed.**
>
> > *Note:* Pennsylvania Rule of Appellate Procedure 903 states that the Notice of Appeal shall be filed within 30 days after the entry of the order from which the appeal is taken, except as otherwise set forth in that rule.

Pa.R.C.P. 1930.2(b) (emphasis added).  According to the 1994 Explanatory Comment to Rule 1930.2:

> All post-trial practice in domestic relations cases is abolished by this rule. In order to allow the trial court to take a second look at a case before it is appealed to the Superior Court, the rule allows a request for reconsideration to be filed in accordance with Appellate rule 1701(b)(3). The aim of these rules is to ensure that domestic cases are moved as quickly as possible toward a final resolution, and thus **the requirement of Appellate Rule 1701 that the motion for reconsideration be filed and granted within the thirty day appeal period is adopted here**. If the motion for reconsideration is granted, the time for filing the notice of appeal is tolled. However, if it is not granted, there is no extension of the appeal period, so that the matter proceeds without delay.

Comment, Pa.R.C.P. No. 1930.2 (emphasis added).

---

[3] The July 7, 2017, order was accompanied by an opinion, dated July 3, 2017.

In conjunction with Rule 1930.2(b), Pennsylvania Rule of Appellate Procedure 1701(b)(3) provides that after an appeal is taken, a trial court may grant reconsideration of its order where:

(i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

**(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal** or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order. The petitioning party shall and any party may file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit. No additional fees shall be required for the filing of the new notice of appeal or petition for review.

Pa.R.A.P. 1701(b)(3) (emphasis added) . The Comment to Pa.R.A.P. 1701 explains:

If the trial court or other government unit fails to enter an order "expressly granting reconsideration" (an order that "all proceedings shall stay" will not suffice) within the time prescribed by these rules for seeking review, Subdivision (a) becomes

applicable and the power of the trial court or other government unit to act on the application for reconsideration is lost.

Comment, Pa.R.A.P. 1701.

Accordingly, under Rule 1701(b)(3), the filing of a motion for reconsideration does not toll the thirty-day appeal period unless the trial court enters an order expressly granting reconsideration within thirty days of the entry of the appealable order. *See Cheathem v. Temple University Hospital*, 743 A.2d 518 (Pa. Super. 1999). As this Court has stated:

> The Rules of Appellate Procedure recognize a single method to toll the appeal period which counsel throughout this Commonwealth have consummated through decades of practice: "[T]he 30-day period may only be tolled if that court enters an order 'expressly granting' reconsideration within 30 days of the final order." *See Cheathem,* 743 A.2d at 520 (quoting Pa.R.A.P. 1701(b)(3)(i), (ii) and Note). "There is no exception to this Rule, which identifies the only form of stay allowed. A customary order and rule to show cause fixing a briefing schedule and/or hearing date, or any other order except for one "expressly granting" reconsideration, is inadequate." *Id.* at 520-21 (citing *Valentine v. Wroten*, 397 Pa. Super. 526, 580 A.2d 757 (Pa. Super. 1990)). Consequently, a party seeking reconsideration must file the notice of appeal simultaneously to assure the availability of appellate review should the trial court deny the petition or fail to grant it "expressly" within that critical 30-day window. *See id.*

*Sass v. Amtrust Bank*, 74 A.3d 1054, 1062 (Pa. Super. 2013).

Here, the trial court's November 17, 2016, order was entered within 30 days of its October 27, 2016 order that determined Maternal Grandparents lacked standing. However, the November 17, 2016, order did not expressly grant reconsideration, but rather directed the court administrator to schedule a hearing on the motion. As such, the order did not constitute an express

grant of reconsideration. **_See Sass, supra_**, quoting **_Cheathem_** at 520-521 ("A customary order and rule to show cause fixing a briefing schedule and/or hearing date, or any other order except for one 'expressly granting' reconsideration, is inadequate."). Therefore, the trial court lacked jurisdiction to act on Maternal Grandparents' motion for reconsideration. Accordingly, the trial court's July 7, 2017, order is a nullity and, therefore, we must vacate the order. [4]

Order vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/2018

---

[4] Notwithstanding the foregoing discussion, the sensitive issue of standing of Maternal Grandparents compels the additional observation that, in light of our Supreme Court's decision in **_D.P. v. G.J.P._**, 146 A.3d 204 (Pa. 2016), it appears Maternal Grandparents do not have standing to seek custody under 23 Pa.C.S. § 5325(2).