J-S24017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HOLMAN COPELAND | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROL MASON | : | No. 3499 EDA 2018 |

Appeal from the Order Entered October 25, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  April Term, 2013, No. 2298


BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 05, 2019**

Holman Copeland appeals from the entry of judgment in favor of Carol

Mason and against Copeland. Copeland maintains, among other things, that

the court erred in entering judgment against him. We affirm.

The trial court set forth the factual and procedural history as follows:

> On January 4, 2013, [Copeland] and [Mason] entered into
> an agreement (the "2013 Sales Agreement") for the sale of
> real estate located at 37 Slocum Street, Philadelphia, PA
> 19119 (the "Property"). Several months later, the parties
> had not completed the 2013 Sales Agreement. Thus, on
> April 16, 2013, [Copeland] filed a civil complaint against
> [Mason] wherein he alleged claims of specific performance,
> breach of contract, and quiet title for [Mason's] failure to
> sell the Property to [Copeland].
>
> One year later, on May 15, 2014, [Copeland] and [Mason]
> entered into a settlement agreement (the "2014 Settlement
> Agreement") wherein they agreed to proceed with the sale
> of the Property but at a price reduced by the amount of
> payments made by [Copeland] on behalf of [Mason] to the
> mortgage processor.

_____

* Former Justice specially assigned to the Superior Court.

More than one year after entering into the 2014 Settlement Agreement, the parties had not sold the Property or otherwise complied with the terms of the 2014 Settlement Agreement. Thus, on September 10, 2015, the [trial court] granted [Mason's] Motion to Enforce the 2014 Settlement Agreement and imposed sanctions on [Copeland]. In addition, [the court] ordered the parties to proceed toward settlement by December 10, 2015.

Three years later, the parties still had not sold the property or complied with the 2014 Settlement Agreement. Thus, on April 13, 2018, [Mason] filed a Motion to Set Aside the 2014 Settlement Agreement and to hold [Copeland] in contempt. [Mason's] motion also requested that the trial court enter judgment in her favor and against [Copeland] as to all of [Copeland's] claims brought in his civil complaint filed in 2013.

On October 25, 2018, the trial court denied [Mason's] Motion to Set Aside the 2014 Settlement Agreement and to hold [Copeland] in contempt, but entered judgment in favor of [Mason] and against [Copeland] as to all of [Copeland's] claims related to the 2013 Sales Agreement. The trial court entered judgment against [Copeland] because he was unable to perform his obligations under the 2013 Sales Agreement. **See** N.T., October 24, 2018 hearing at 16:19-22; 18:14-19:03.

Trial Court Opinion, filed Jan. 25, 2019, at 1-2.

Copeland filed a timely Notice of Appeal, and raises the following issues:

1. Did the Trial Court err in not finding [Copeland] to be in Contempt of Court?

2. Did the Trial Court err in entering judgment in favor of [Mason] and against [Copeland] as to all of [Copeland's] claims upon [Mason's] Motion to Set Aside Settlement Agreement and to find [Copeland] in Contempt?

3. Did the Trial Court err in denying [Copeland's] Motion for Reconsideration where there was sufficient evidence that [Copeland] had adequate funding to purchase the subject Property?

Copeland's Br. at 4 (suggested answers omitted).

In his first issue, Copeland argues the trial court correctly found that he was not in contempt. Copeland was the prevailing party as to this issue, and Mason did not appeal the ruling. Because he was the prevailing party, Copeland does not have standing to challenge the order denying the motion for contempt and we will not review the claim. *In re J.G.*, 984 A.2d 541, 546 (Pa.Super. 2009) (*en banc*) (concluding prevailing party is not "aggrieved" by order and does not have standing to appeal order).

Copeland next claims that, because the parties had not agreed to a final sales price and Mason failed to provide satisfaction of a prior mortgage, closing was premature. He claims he did not concede that he lacked financing. He claims the communication issues were due to Mason, and that the trial court "should have ordered the parties to proceed one final time to closing," as Mason provided proof of satisfaction of the prior mortgage before the hearing. Copeland's Br. at 22.

Contract interpretation is a question of law, for which our standard of review is *de novo* and our scope of review is plenary. *Davis v. Borough of Montrose*, 194 A.3d 597, 608 (Pa.Super. 2018). When interpreting a contract, the goal "is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement." *Id.* (quoting *Gamesa Energy USA, LLC v. Ten Penn Ctr. Assoc., L.P.*, 181 A.3d 1188, 1192 (Pa.Super.), *pet. for allowance of appeal granted*, 191 A.3d 749 (Pa. 2018)). "Pennsylvania law recognizes the doctrine of frustration of contractual purpose or 'impracticability of performance' as a valid defense to

performance under a contract." *Id.* This Court has cited the Restatement (Second) of Contracts § 261, which provides:

> § 261. Discharge By Supervening Impracticability
>
> Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary.

*Hart v. Arnold*, 884 A.2d 316, 334-35 (Pa.Super. 2005) (quoting Restatement (Second) of Contracts § 261 (1981)). Further:

> When people enter into a contract which is dependent for the possibility of its performance on the continual availability of a specific thing, and that availability comes to an end by reason of circumstances beyond the control of the parties, the contract is *prima facie* regarded as dissolved. . . . A court can and ought to examine the contract and the circumstances in which it was made, not of course to vary, but only to explain it, in order to see whether or not, from the nature of it the parties must have made their bargain on the footing that a particular thing or state of things would continue to exist. And if they must have done so, then a term to that effect will be implied, though it be not expressed in the contract.

*Id.* at 335 (quoting *Greek Catholic Congregation of Borough of Olyphant v. Plummer*, 12 A.2d 435, 439 (Pa. 1940)).

Here, the trial court found that Copeland's initial complaint sought specific performance, and that such a claim fails where a party does not have the ability to execute on the agreement. Trial Court Opinion, at 3. It found the doctrines of "frustration of purpose" and "impracticability of performance" were valid defenses to specific performance of a contract. *Id.* at 3-4. The trial

court found that Copeland conceded at the hearing that he did not have the ability to obtain financing to purchase the property between September 10, 2015, and December 10, 2015, and did not have the ability to finance the purchase at the time of the October 2018 hearing. *Id.* at 4. It found Copeland's ability to obtain financing was material to the 2013 Sales Agreement, and because Copeland did not have the ability to purchase the property, it properly entered judgment in favor of Mason.

We agree. Copeland stated at the hearing that he did not have the financing to purchase the Property. N.T., 10/24/18, at 16 ("THE COURT: So, he's not ready to go? [Copeland's counsel]: Well, not today, because we don't have his final sale price."). Furthermore, Copeland had failed to obtain financing and proceed to closing in the approximately four years since the settlement. Accordingly, the trial court did not err in concluding that the contract could not be performed and properly entered judgment in favor of Mason.

Copeland next argues the court erred in denying his motion for reconsideration. "[T]he refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal." *Cheathem v. Temple Univ. Hosp.*, 743 A.2d 518, 521 (Pa.Super. 1999) (citation omitted). Because an order denying a motion to reconsider is not reviewable, we will not address Copeland's final claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/5/19