J-S03016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| KATELYN MIORELLI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD THOMPSON | : | No. 1002 WDA 2021 |

Appeal from the Order Entered August 20, 2021
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  No. FD-20-007198

BEFORE:   LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: MARCH 25, 2022**

Katelyn Miorelli ("Mother") appeals the order denying her request to relocate with the parties' daughter, E.M.[1]  We remand for a supplemental Pa.R.A.P. 1925(a) opinion.

Given our disposition, a detailed recitation of the facts and procedural history is unnecessary.  E.M. was born in November 2013, to Mother and Todd Thompson ("Father"), who never married.  The parties cooperated with each other regarding custody of E.M. through December 3, 2020, when the trial court entered an interim custody order awarding the parties shared legal and physical custody of E.M.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  We use the parties' full names in the caption as neither party has requested the use of their initials.  **See** Pa.R.A.P. 904(b)(2); Pa.R.A.P. 907(a).

On December 7, 2020, Mother, who had recently married Stepfather, filed a notice of proposed relocation to Colorado, where Stepfather was residing, and requested to relocate with E.M. Father objected to E.M.'s relocation. On February 2, 2021, the parties participated in a relocation conciliation. On July 14, 2021, the trial court conducted an evidentiary hearing at which Mother and Father testified. Neither party presented additional witnesses. On August 20, 2021, the trial court entered an order denying Mother's request to relocate with E.M. The order also provided that, "subsequent to this short order, a detailed analysis of the determinative factors, including a detailed custody schedule, will be issued." Order, 8/20/21, at ¶ 4 (unnecessary capitalization omitted).

On August 25, 2021, Mother filed a timely notice of appeal.[2] However, she failed to file contemporaneously a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(a)(2)(i) (providing that, in children's fast track appeals, a Rule 1925(b) statement "shall be filed and served with the notice of appeal"); *see also* Pa.R.A.P. 905(a)(2) (same). Accordingly, this

---

[2] On that same date, Mother filed a motion for reconsideration. Although the record reflects that the trial court considered that motion, it did not expressly or unequivocally grant reconsideration. *See Cheathem v. Temple Univ. Hosp.,* 743 A.2d 518, 520 (Pa. Super. 1999) (explaining that the trial court must state expressly and unequivocally that reconsideration is granted). Accordingly, as the trial court did not expressly grant Mother's motion for reconsideration, the filing of that motion did not render inoperative the notice of appeal. *See* Pa.R.A.P. 1701(b)(3)(ii) (stating that a timely order granting reconsideration shall render inoperative any notice of appeal).

Court issued an order directing Mother to comply with the following no later than September 13, 2021: (1) file the Rule 1925(b) statement in the trial court; (2) serve the Rule 1925(b) statement on the trial judge and the other party; and (3) file a copy of the Rule 1925(b) statement with the Prothonotary of this Court.

On September 7, 2021, the trial court issued a parenting plan order of court which was accompanied by a memorandum that set forth its analysis of the 23 Pa.C.S.A. § 5337(h) relocation factors and the 23 Pa.C.S.A. § 5328(a) custody factors.[3]

On September 15, 2021, Mother filed a docketing statement in this Court to which she attached a Rule 1925(b) statement. The Rule 1925(b) statement bears a date stamp which indicates that it was filed in the trial court on September 13, 2021, as well as a certificate of service indicating that it was served on the trial judge and Father's counsel on September 13, 2021. The Rule 1925(b) statement raises several claims of error, including a claim that the trial court erred when it did not conduct an *in camera* interview with E.M. prior to issuing its order denying the relocation request. Concise Statement, 9/11/21 at 4 (further indicating that, pursuant to Mother's request

---

[3] Mother filed her notice of appeal prior to the September 7, 2021 entry of the parenting plan order of court. Nevertheless, we conclude that the trial court's August 20, 2021 order constitutes a final and appealable order because it disposed of all claims and all parties by denying Mother's request to relocate with E.M. *See* Pa.R.A.P. 341(b)(1) (a final order is any order that disposes of all claims and of all parties).

- 3 -

at the February 2, 2021 relocation conciliation, the trial court agreed to conduct an *in camera* interview E.M.).

On October 4, 2021, the trial court issued an opinion pursuant to Rule 1925(a). In its opinion, the trial court did not identify or discuss Mother's claim of error regarding the trial court's failure to conduct an *in camera* interview with E.M. *See* Trial Court Opinion, 10/4/21, at 6-19. Mother faults the trial court for not addressing the *in camera* issue in its Rule 1925(a) opinion.

Our review of the certified record reveals that the record includes two versions of Mother's Rule 1925(b) statement. Each statement bears a date stamp and a certificate of service indicating service on the trial court judge and Father on September 13, 2021, in compliance with this Court's directives. However, whereas the Rule 1925(b) statement filed with this Court includes Mother's *in camera* claim of error, the other version of the Rule 1925(b) statement in the record does not include the issue.

Given that the certified record reflects that the Rule 1925(b) statement filed with this Court—which includes the *in camera* claim of error—bears a certificate of service on the trial court judge, we must conclude that it was, in fact, served on the trial court judge. Accordingly, because Mother's *in camera*

claim of error may be dispositive on appeal,[4] we remand this matter for the trial court to prepare a supplemental Rule 1925(a) opinion within 21 days of this filing. The supplemental Rule 1925(a) opinion shall explain: (1) whether Mother, through counsel, requested during the judicial conciliation conference on February 2, 2021, and/or on subsequent occasions up to and including the July 14, 2021 relocation hearing, that E.M. be interviewed by the court *in camera*; and (2) why the *in camera* interview never took place. Further, we direct the Prothonotary's Office to include with this Memorandum the Rule 1925(b) statement, along with the certificate of service accompanying it, that Mother attached to the docketing statement filed with this Court on September 15, 2021.

Case remanded for proceedings consistent with this Memorandum. Jurisdiction retained.

---

[4] *See* 23 Pa.C.S. § 5337(h)(4), § 5328(a)(7) (providing that the trial court must consider the child's preference regarding relocation and/or custody and weigh it in light of the child's age and maturity).