IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Friends of Marconi Plaza,                     :
Rich Cedrone, Joseph Q. Mirarchi,             :
        Appellants                           :
                                 :
          v.                                 :     No. 929 C.D. 2020
                                 :     Argued: June 23, 2022
City of Philadelphia                          :
Mayor James Kenney                            :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT              FILED:  December 9, 2022

Friends of Marconi Plaza, Rich Cedrone, and Joseph Q. Mirarchi (collectively, Objectors) appeal two orders of the Court of Common Pleas of Philadelphia County (trial court) that denied Objectors' application for an injunction pending appeal; Objectors' motion for reconsideration; and Objectors' request for a stay pending appeal. Objectors sought injunctive relief to prevent the removal of a statue of Christopher Columbus from Marconi Plaza pending the outcome of its litigation with the City of Philadelphia (City). For the reasons that follow, we dismiss the appeal as moot.

On June 3, 2020, the City removed a statue of former City Mayor Frank Rizzo from the steps of the municipal services building during the middle of the night. Then, on June 14, 2020, Objectors' legal counsel received notification from a City employee that the City planned to remove the Columbus statue from Marconi Plaza that evening or early the following morning. Objectors filed an emergency

injunction petition with the trial court. Reproduced Record at 4a-8a (R.R. ___). That evening, the trial court held an emergency hearing, following which the City's Solicitor assured Objectors that the statue would not be removed from Marconi Plaza that evening or the following morning.

The next day, June 15, 2020, the trial court heard argument on Objectors' emergency injunction request. Objectors raised concerns that the City would remove the statue without following the procedures required before the City can remove a public work of art from its current site. At the conclusion of the hearing, the parties agreed to a joint stipulation that was submitted to and approved by the trial court on June 18, 2020. The stipulation provided that the parties would abide by the Philadelphia Home Rule Charter[1] and all other laws, regulations and procedures applicable to the removal of the Columbus statue. Stipulation, 6/18/2020, at 1; R.R. 18a. The stipulation also provided that the City would not "remove, damage, or alter the [s]tatue" until either "the Art Commission determines whether the [s]tatue should be removed, or, if sooner, upon Court order." *Id.* Finally, the parties agreed that pending the Art Commission's decision, the City would protect the Columbus statue by constructing a wooden box around it. *Id.*

On July 2, 2020, Objectors filed a petition for injunctive relief, contending that the City was disregarding the laws, regulations and procedures applicable to the removal of the statue, in violation of the parties' stipulation. On July 16, 2020, the trial court ordered the City's Art Commission not to make any

---

[1] The City adopted its home rule charter on April 17, 1951, and it went into effect on January 7, 1952. *City of Philadelphia v. Schweiker*, 858 A.2d 75, 81 n.9 (Pa. 2004). It provides, in pertinent part, as follows: "The Art Commission shall . . . [a]pprove the removal, relocation or alteration of any existing work of art in the possession of the City[.]" PHILADELPHIA HOME RULE CHARTER §4-606(1)(e).

decision before receiving and considering the recommendation of the City's Historical Commission.

On July 24, 2020, the Historical Commission[2] held a special meeting and voted to approve the City's request to remove the statue. On July 31, 2020, Objectors appealed the Historical Commission's decision to the City's Board of License and Inspection Review (L&I Board). On August 7, 2020, the L&I Board held a hearing on Objectors' appeal, which was continued because of the number of witnesses. Objectors requested that the L&I Board stay the Historical Commission's decision pending the L&I Board's final decision, but the request was denied.

On August 10, 2020, Objectors filed another petition for injunctive relief, requesting the trial court to prohibit the City from removing the statue pending the outcome of the administrative hearings on the matter. On August 11, 2020, the trial court denied the petition as premature.

On August 12, 2020, after consideration of the Historical Commission's July 24, 2020, decision, the Art Commission voted to approve the City's application to remove the statue. That same day, Objectors filed the instant injunction application to prevent a removal of the statue pending the L&I Board's final decision. Later that day, the trial court issued an order granting the injunction, in part, and staying the removal of the statue pending the outcome of the administrative hearings.

Thereafter, on September 11, 2020, the trial court denied Objectors' application for injunctive relief. It concluded, *inter alia*, that Objectors were not

---

[2] Under the City's Historic Preservation Ordinance, as set forth in Chapter 14-1000 of The Philadelphia Code, PHILADELPHIA CODE §§14-1001-14-1007 (2012), the Historical Commission is responsible for reviewing and acting upon all applications for building permits to alter or demolish historic objects. PHILADELPHIA CODE §14-1003(2)(e).

likely to prevail on the merits of their appeal to the L&I Board and that the existence of that administrative remedy precluded equitable relief.

On September 15, 2020, Objectors sought reconsideration. Alternatively, they sought a stay pending their appeal pursuant to PA. R.A.P. 311(a)(4) (relating to interlocutory appeals as of right for an injunction).[3] On September 16, 2020, the trial court denied reconsideration. It explained that a suit in equity was not the vehicle for obtaining a supersedeas, which was improper in any case because no appeal had been filed. In its opinion pursuant to PA. R.A.P. 1925(a), the trial court explained as follows:

> First, as discussed *supra*, the Stay Pending Appeal was dismissed as procedurally improper because no appeal had yet been taken. [Objectors'] *Supersedeas* was granted once a Notice of Appeal to the Commonwealth Court had properly been filed and, as such, that issue is now moot.
>
> Second, this Court's denial of reconsideration is not appealable. Under PA.R.A.P. 903(a): "Except as otherwise prescribed by this rule, the notice of appeal required by [PA.R.A.P.] 902 (manner of taking appeal) shall be filed within 30 days after the entry of

---

[3] It states:

> (a) *General rule*. - - An appeal may be taken as of right and without reference to PA.R.A.P. 341(c) from:
>
> * * * *
>
> (4) *Injunctions*. - - An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:
>
> > (i) Pursuant to 23 Pa.C.S. §§3323(f), 3505(a); or
> >
> > > (ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

PA.R.A.P. 311(a)(4).

4

the order from which the appeal is taken." "As a general rule, an appellate court's jurisdiction extends only to review of final orders." *Rae v. P[ennsylvania] Funeral Directors Ass[ociation]*, 977 A.2d 1121, 1124-25 (Pa. 2008); *see* PA.R.A.P. 341(a). Accordingly, Pennsylvania jurisprudence is clear that an order denying a motion for reconsideration is not a final order and not appealable. *See Cheathem v. Temple Univ[ersity] Hosp[ital]*, 743 A.2d 518, 521 (Pa. Super. 1999). Therefore, merely filing a motion for reconsideration does not stay the appeal period of a final order: "It is by now well known that the mere filing of a petition requesting reconsideration of a final order of the trial court does not toll the normal 30-day period for appeal from the final order." *Id.* citing *Moore v. Moore*, 634 A.2d 163, 167 (Pa. 1993); PA. R.A.P. 903(a).

PA.R.A.P. 1925(a) Op., 12/22/2020, at 7; R.R. 5574a.

Objectors then filed the instant appeal of the trial court's two orders,[4] raising five issues.[5] First, they assert that the trial court erred in not using the appropriate standard for injunctive relief for claims brought under the Sunshine Act.[6] Second, they assert that the trial court erred by not holding a hearing on whether an injunction was necessary to preserve the public trust established by the Environmental Rights Amendment to the Pennsylvania Constitution.[7] Third, they

---

[4] Review of a trial court's ruling on a preliminary injunction is deferential and is based on whether the trial court abused its discretion. The evidence must establish the trial court had reasonable grounds for its decision. *Perrotto Builders, Ltd. v. Reading School District*, 108 A.3d 175, 177 n.3 (Pa. Cmwlth. 2015).

[5] Objectors' issues on appeal have been reordered for ease of disposition.

[6] 65 Pa. C.S. §§701-716.

[7] PA. CONST. art. I, §27. It states:

> The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people.

*Id.*

5

assert that the trial court erred by not conducting an evidentiary hearing before ruling on their request for an injunction. Fourth, they assert that the trial court erred in ruling there was insufficient evidence to support an injunction. Finally, Objectors assert that the trial court erred when it determined they had not exhausted their administrative remedies.

The issue at the heart of this appeal is what process governs the removal of a public work of art and an historic object, such as the statue of Christopher Columbus, and it has been determined by this Court in a companion case: *In re Appeal of: Friends of Marconi Plaza*, ____ A.3d _____ (Pa. Cmwlth., No. 938 C.D. 2021, filed December 9, 2022). This Court affirmed the trial court's decision that reversed the adjudication of the L&I Board. Specifically, this Court held the City failed to adhere to its own laws, regulations, and procedures, most notably City Management Directive 67, by taking action to remove the statue from Marconi Plaza without first allowing the requisite public input on the matter. Our decision has rendered the instant appeal moot. There is no longer an opportunity to provide relief pending the City's appeal to this Court.

Accordingly, we dismiss the instant appeal as moot.

_____
MARY HANNAH LEAVITT, President Judge Emerita

Judge Wojcik concurs in the result only of this case.

Judge Ceisler and Judge Dumas did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Friends of Marconi Plaza, | : | |
| Rich Cedrone, Joseph Q. Mirarchi, | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 929 C.D. 2020 |
| | : | |
| City of Philadelphia | : | |
| Mayor James Kenney | : | |

# **O R D E R**

AND NOW, this 9th day of December, 2022, the appeal of the Friends of Marconi Plaza, Rich Cedrone, and Joseph Q. Mirarchi of the September 11, 2020, and September 16, 2020, orders of the Philadelphia County Court of Common Pleas, in the above-captioned matter, is DISMISSED as moot.

_____

MARY HANNAH LEAVITT, President Judge Emerita