J-S05027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

KAREN SHOCKLEY             :   IN THE SUPERIOR COURT OF
                           :          PENNSYLVANIA
                Appellant  :
                           :
                           :
                           :
        v.                 :
                           :
                           :
                           :
LANH NGUYEN AND THAO VU    :   No. 3030 EDA 2023

Appeal from the Order Entered November 17, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  161100124

BEFORE:   BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:              **FILED MARCH 18, 2025**

Karen Shockley (Appellant), *pro se*, appeals from the trial court's order denying Appellant's motion for reconsideration of the order denying modification of the amount of damages awarded to Appellant by a jury.  We quash the appeal.

The trial court summarized the procedural background:

On November 7, 2016, [Appellant] commenced a civil action, claiming numerous injuries resulting from a motor vehicle accident involving [Lanh Nguyen and Thao Vu (Defendants)] on November 20, 2014.  After an arbitration award in [Appellant's favor, Appellant] filed a timely appeal [from the award] on September 3, 2017.  [Appellant's] attorney of record was permitted to withdraw his appearance in anticipation of the appeal, and [Appellant] proceeded *pro se*.

On December 22, 2017, Defendants moved for partial summary judgment.  [After Appellant] failed to respond to the

_____

[*] Former Justice specially assigned to the Superior Court.

motion, [the trial court granted the motion] on January 24, 2018, resulting in [the] dismissal of Appellant's claims for non-economic damages. [Appellant] then filed a motion for reconsideration regarding the summary judgment decision. The [trial] court denied the motion [on February 28, 2018. On March 2, 2018, Appellant appealed the February 28, 2018, order to] the Superior Court (770 EDA 2018). On April [27], 2018, the Superior Court quashed the appeal.[1]

… [On June 1, 2018, Appellant] filed a motion for extraordinary relief, requesting that the [trial] court reconsider its earlier order allowing [Appellant's] former counsel to withdraw. … On June 8, 20[18], the [trial] court denied the motion for extraordinary relief; [Appellant] appealed to the Superior Court (1903 EDA 2018) on the same day. The appeal was later quashed as interlocutory. [*See* Order, 8/14/18, 1903 EDA 2018.] On August 1, 2018, [Appellant] filed a motion for reconsideration regarding the [trial] court's June 8[, 2018,] order denying [Appellant's motion for] extraordinary relief. The motion for reconsideration was denied on August 3, 2018.

A non-suit was entered on August 20, 2018 by [the trial court]. On September 19, 2018, [Appellant] appealed the non-suit to the Superior Court. [Appellant thereafter] filed a motion for reconsideration [of the non-suit in] the trial court, which was denied on October 18, 2018. On August 31, 2020, the Superior Court reversed the [trial] court's order for non-suit and directed that the matter be returned to active status in the [trial] court[. *See Shockley v. Nguyen*, 2853 EDA 2018 (Pa. Super. 2020) (unpublished memorandum)].

A jury trial commenced on June 21, 2022. The jury returned a verdict for [Appellant in the amount of] $5,764.50. On July 5, 2022, [Appellant] filed a motion for reconsideration, requesting [that] the [trial] court overturn the jury verdict [and award

---

[1] This Court observed that "[a] trial court's denial of reconsideration is not subject to review on appeal." Order, 4/27/18, 770 EDA 2018 (citing *Cheathem v. Temple Univ. Hosp.*, 743 A.2d 518 (Pa. Super. 1999)). We determined Appellant's notice of appeal was untimely because she filed it more than thirty days after the January 24, 2018, order granting partial summary judgment. *Id.* We further observed "the January 24, 2018, order is interlocutory and unappealable because it did not dispose of all claims." *Id.* (citing Pa.R.A.P. 341(b)(1)).

> Appellant damages in the amount of $346,733.76]. On July 8, 2022, the [trial] court denied the motion. [Appellant] filed a timely appeal to the Superior Court (1915 EDA 2022). The Superior Court later dismissed the appeal for [Appellant's] failure to file a brief. [**See** Order, 8/4/23, 1915 EDA 2022. Appellant] filed an application to reinstate appeal, which [the Superior Court] denied on September 12, 2023.
>
> On October 13, 2023, [Appellant] filed a post-trial motion with the trial court to modify the damages award[], which was denied on November 9, 2023. On November 13, 2023, [Appellant] filed a motion for reconsideration [of the November 9, 2023, order]. The [trial] court denied the motion on November 17, 2023[,] and [its order] stated that [Appellant] may face sanctions and fees if [Appellant] continued to file motions….

Trial Court Opinion, 7/18/24, at 1-3 (some capitalization modified; footnote added).

On December 6, 2023, Appellant filed two notices of appeal. The first, docketed at 3029 EDA 2023, appealed the trial court's November 9, 2023, order denying Appellant's motion to modify damages. The second, at the instant docket, appealed the November 17, 2023, order denying Appellant's motion for reconsideration of the November 9, 2023, order.

On April 4, 2024, we dismissed as moot Appellant's appeal at 3029 EDA 2023. We observed Appellant's motion to modify damages

> appears to be an untimely request to mold the verdict, which was entered approximately 20 months ago…. Based on the procedural history, the underlying case has been finalized through appellate review. [**See** Order, 8/4/23, 1915 EDA 2022 (dismissing Appellant's appeal from the judgment entered following the verdict).] Generally, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. **Bottomer v. Progressive Cas. Ins. Co.**, 859 A.2d 1282, 1285 (Pa. 200[4]) (holding that action finalized through appellate review no longer represents live controversy for judicial decision).

- 3 -

Order, 4/2/24, 3029 EDA 2023.

The instant appeal purports to challenge the trial court's November 17, 2023, order denying Appellant's motion for reconsideration. "Denial of reconsideration is not subject to appellate review." *Erie Ins. Exch. v. Larrimore*, 987 A.2d 732, 743 (Pa. Super. 2009) (citing *Cheathem*, 742 A.2d at 521). "[A]n appeal does not lie from an order denying reconsideration; instead, an appeal must be timely filed from the underlying order." *Conner v. Conner*, 217 A.3d 301, 307 (Pa. Super. 2019). As Appellant previously appealed the underlying order at 3029 EDA 2023, we quash the instant appeal as duplicative.

Appeal quashed. Motion denied as moot.[2]

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/18/2025

_____

[2] On January 24, 2025, Appellant filed in this Court a "Motion for Leave to Amend Complaint to Bring into Compliance to Relate Back *Nunc Pro Tunc*." Appellant alleges she "discovered new facts and information," and asks this Court to grant her "leave to amend the Complaint to add new party(s) and claim(s) and relate back the amendment '*nunc pro tunc*' to the original filing date of November 7, 2016." Motion, 1/24/25, at 1, 3 (unpaginated). Appellant misidentifies Federal Rule of Civil Procedure 15 as "PA Rule 15," *id.* at 2 (unpaginated), but otherwise identifies no authority in support of her request.