J-A23040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHAQUITA WILSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLAUDIO FERRER JR. | : | No. 452 MDA 2023 |
| v. | : | |
| | : | |
| | : | |
| CLAUDIO FERRER SR. AND EXIA | : | |
| FERRER | : | |
| | : | |
| Intervenors | : | |
| | : | |
| | : | |

Appeal from the Order Entered February 17, 2023
In the Court of Common Pleas of York County Civil Division at No(s):
2020-FC-001476-03

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED OCTOBER 11, 2023**

Appellant, Shaquita Wilson ("Mother"), appeals from the February 17, 2023, order entered in the Court of Common Pleas of York County finding her in contempt and imposing sanctions for violating the July 26, 2022, custody order, which, *inter alia*, granted partial physical custody of three minor children to Claudio Ferrer, Sr., and Exia Ferrer ("Paternal Grandparents").

_____

[*] Former Justice specially assigned to the Superior Court.

After a careful review, we conclude Mother's *pro se* brief is substantially defective and prevents meaningful appellate review. Accordingly, we quash this appeal.

We need not delve into the facts and procedural history underlying this appeal. To summarize, Mother and Claudio Ferrer, Jr. ("Father"), who never married, are the biological parents of H-L.F. (born in 2014), A.Y.F. (born in 2016), and A.Z.F. (born in 2016) (collectively "the children"). The trial court initially granted sole legal and physical custody of the children to Mother; however, on February 25, 2022, Paternal Grandparents filed a complaint in custody/petition to intervene seeking partial physical custody pursuant to 23 Pa.C.S.A. § 5325(2).[1]

By order entered on June 22, 2022, the trial court granted Paternal Grandparents' petition to intervene and directed them to file an amended custody complaint, which they did on June 24, 2022. On July 26, 2022, the trial court filed an *interim* order granting sole legal custody and primary physical custody of the children to Mother; however, the order provided for partial custody of the children to Paternal Grandparents.

On September 21, 2022, Paternal Grandparents filed a petition for contempt against Mother averring she did not permit partial custody as provided for under the July 26, 2022, custody order. By order entered on

---

[1] Therein, Paternal Grandparents asserted Father was incarcerated.

November 29, 2022, the trial court found Mother in contempt of the July 26, 2022, custody order. The trial court ordered Mother to pay Paternal Grandparents' attorney's fees in connection with the contempt petition.

On January 4, 2023, Paternal Grandparents filed a second petition for contempt against Mother averring she did not permit partial custody as provided for under the July 26, 2022, custody order. Following a hearing, by order entered on February 17, 2023, the trial court granted Paternal Grandparents' second petition for contempt. The trial court ordered Mother to pay Paternal Grandparents' attorney's fees in connection with the second contempt petition.

On Monday, March 20, 2023, Mother filed a timely notice of appeal from the February 17, 2023, contempt order,[2] as well as a contemporaneous Concise Statement of Matters Complained of on Appeal. **See** Pa.R.A.P.

_____

[2] The February 17, 2023, order finding Mother to be in contempt and imposing sanctions is a final appealable order. **See Rhoades v. Price**, 874 A.2d 148 (Pa.Super. 2005) (*en banc*) (where the wife was ordered to pay the husband's counsel fees as a sanction for contempt the order was final and appealable). Consequently, Mother had thirty days to file an appeal from the February 17, 2023, order. **See** Pa.R.A.P. 903(a). Since the last day fell on Sunday, March 19, 2023, Mother's notice of appeal regarding the contempt order was timely filed on March 20, 2023. **See** 1 Pa.C.S.A. § 1908 (regarding the computation of time).

To the extent Mother attempts to litigate the trial court's November 29, 2022, contempt order, which imposed sanctions, we note Mother did not file an appeal therefrom within thirty days, and accordingly, this Court lacks jurisdiction to address issues related thereto. **See Cheathem v. Temple University Hospital**, 743 A.2d 518 (Pa.Super. 1999).

1925(a)(2)(i) and (b). The trial court filed a responsive opinion pursuant to 1925(a)(2)(ii).

Initially, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed." *Id.* This Court has stated:

> [A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. **Commonwealth v. Maris**, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. *Id.* This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.*, Pa.R.A.P. 2101.

**Commonwealth v. Freeland**, 106 A.3d 768, 776-77 (Pa.Super. 2014) (citations omitted).

Further, Pennsylvania Rule of Appellate Procedure 2111(a) mandates that the brief of the appellant shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of Jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Citing the above rules, this Court has explained that we "will not consider the merits of an argument, which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal." **In re Estate of Whitley**, 50 A.3d 203, 209 (Pa.Super. 2012). **See Commonwealth v. Sanford**, 445 A.2d 149 (Pa.Super. 1982).

In the case *sub judice*, Mother has not attempted to structure her brief to comply with the Rule 2111(a) requirements, thus hampering effective appellate review. **Sanford**, **supra**. Specifically, her six-page brief, which is in the format of a letter, merely sets forth a litany of facts presented in an incoherent manner.

Aside from attaching a copy of the trial court's February 17, 2023, order and opinion, Mother's brief contains none of the requirements set forth in Rule 2111(a), including no statement of jurisdiction, no statement of scope and

standard of review, no statement of questions involved, no statement of the case, no summary of argument, no citations to the record or legal authority, and no coherent, developed argument. *See* Pa.R.A.P. 2111(a). Further, she has not attached a copy of her Rule 1925(b) statement to her brief.

As this Court has held:

> When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. The Rules of Appellate Procedure clearly provide that an appeal may be quashed "if the defects are in the brief…of the appellant and are substantial[.]" Pa.R.App.P. 2101.

*Sanford*, 445 A.2d at 150-51 (citations omitted). *See Commonwealth v. Nachmenson*, 540 MDA 2020, 2021 WL 225611 (Pa.Super. filed 1/22/21) (unpublished memorandum) (quashing appeal where the defects in the *pro se* brief were substantial and prevented meaningful review); *K.B. v. D.A.P.*, 598 MDA 2021, 2021 WL 4739422 (Pa.Super. filed 10/12/21) (unpublished memorandum) (quashing appeal where the *pro se* appellate brief failed to raise or properly address any issues); *Commonwealth v. Hoffman*, 1288 MDA 2020, 2021 WL 1743018, *2 (Pa.Super. filed 5/3/21) (unpublished memorandum) (quashing appeal due to defective appellate brief and noting it

is not our duty to give *pro se* litigants a "do over" based on their lack of legal knowledge).[3]

As in the cases cited *supra*, we find the defects in Mother's brief are substantial so as to preclude effective appellate review. We recognize that Mother is proceeding *pro se*. However, we decline to become Mother's counsel. While we are willing to construe liberally materials filed by a *pro se* litigant, "[a]ny layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa.Super. 1996) (citation omitted).

Based on the aforementioned, we quash this appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/11/2023

---

[3] We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. We find guidance in the unpublished memorandums cited *supra* and find them to be persuasive in this matter.