Paulette M. CRUSE n/k/a Paulette M. Chodnicki, Appellant

v.

Stephen H. CRUSE, Appellee.

Superior Court of Pennsylvania.

Argued May 12, 1999.
Filed Aug. 11, 1999.

Kenneth J. Sparler, York, for appellant.

Maria M. Cook, York, for appellee.

Before POPOVICH, ORIE MELVIN, and BROSKY, JJ.

ORIE MELVIN, J.:

¶ 1 Appellant, Paulette M. Cruse, now known as Paulette M. Chodnicki (Wife), appeals from an Order granting a supersedeas to Appellee, Stephen H. Cruse (Husband), in connection with the appeal filed by Husband at Docket No. 1129 Harrisburg 1998 from the Order of June 10, 1998, which required Husband to make a cash payment in partial satisfaction of an equitable distribution order. Because the trial court erred as a matter of law by failing to require the filing of security, we reverse.

¶ 2 Husband and Wife were divorced on April 15, 1996. A hearing on their economic claims was subsequently conducted before a divorce master on September 3 rd and 4 th of 1996. Both parties filed exceptions to the master's report and recommendation. The Honorable Sheryl M.

Dorney filed her Opinion and Order disposing of the exceptions on November 5, 1997. This Order distributed the marital assets 60% to Wife and 40% to Husband and required Husband to make four annual payments of $96,723.34 plus 6% interest to Wife with the first payment due by February 1, 1998. The Order further provided that Husband would be relieved from the assessment of interest if the total amount owed was paid by February 1, 1998. No appeal was ever taken from the entry of this Order.

¶ 3 On February 2, 1998, one day after the due date of the first payment, Husband proposed a Qualified Domestic Relations Order (QDRO) to Wife, which attempted to substitute an installment distribution from his 401K plan for the four cash payments. The Wife rejected the offer of a QDRO and filed a petition for contempt and enforcement of the November 5, 1997 Order. A hearing was subsequently held before the Honorable Stephen D. Linebaugh where each party presented evidence as to the proper interpretation to be given to the November 5, 1997 Order concerning the intended method of payment. On June 10, 1998, the court entered its Opinion and Order finding that only cash payments were contemplated and therefore again ordered Husband to make the first payment within 30 days. Husband petitioned for reconsideration and was denied. He subsequently appealed to this Court at Docket No. 1129 Harrisburg 1998.

¶ 4 On July 22, 1998, Husband filed an application with the trial court for a supersedeas pursuant to Pa.R.A.P. 1731(b). The Husband requested that he be permitted to post his 401(k) plan as security pending the disposition of his appeal. On August 4, 1998, the trial court granted the supersedeas conditioned upon Husband maintaining his 401(k) but waived the filing of any security. Wife filed a Petition for Reconsideration on September 2, 1998, which was specifically granted that same day. However, on October 7, 1998, after

reconsidering, the trial court issued an Order affirming its decision to grant the supersedeas. On October 20, 1998, the Wife filed the instant appeal from the Order entered on October 7, 1998.

¶ 5 Wife presents the following questions for our consideration:

1. DID THE TRIAL COURT ERR BY [SIC] IN GRANTING [APPELLEE'S] REQUEST FOR A SUPERSEDEAS?

2. DID THE TRIAL COURT ERR BY ALLOWING THE APPELLEE TO UTILIZE HIS MERRILL LYNCH COMPREHENSIVE EYE HEALTH CENTER 401(K) PLAN AS SECURITY PURSUANT TO RULES OF APPELLATE PROCEDURE 1731(A) AND 1731(B)?

Appellant's brief at 4.

¶ 6 Wife first asserts it was error to grant a supersedeas because the order appealed from did not involve "solely the payment of money" as required by 1731(a), nor was it an equitable distribution order pursuant to 1731(b), as it is merely interpretive of the unappealed November 5, 1997 equitable distribution Order. We disagree.

¶ 7 Pennsylvania Rule of Appellate Procedure 1731 provides as follows:

(a) **General Rule. Except as provided by subdivision (b),** an appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon the filing with the clerk of the lower court of appropriate security in the amount of 120% of the amount due by the lower court and remaining unpaid. Where the amount is payable over a period of time, the amount found due for the purposes of this rule shall be the aggregate amount payable within 18 months after entry of the order.

(b) **Domestic Relations Matters.** An appeal from an order of child support, spousal support, alimony, alimony pendente lite, equitable distribution or counsel fees and costs shall operate as a supersedeas **only upon application** to and order of the trial court **and the filing of security** as required by subdivision (a). **The amount and terms of security shall be within the discretion of the trial court.**

42 Pa.C.S.A. Pa.R.A.P. 1731(Emphasis added).

¶ 8 Generally, a party appealing an order involving solely a monetary award may obtain an automatic supersedeas by filing appropriate security equaling 120% of the amount found due and unpaid. Pa.R.A.P. 1731(a). However, under Pa. R.A.P. 1731(b), when the order appealed from involves a "domestic relations" matter it cannot be obtained automatically by posting appropriate security. Rather, such orders are treated like any other nonmonetary orders where the party seeking supersedeas must affirmatively apply to the court. Instantly, the Order appealed from is inexorably intertwined with the equitable distribution Order of November 5, 1997, and as such we find no abuse of discretion by the trial court in applying 1731(b). The fact that the November 5, 1997 Order is being interpreted by a different Judge, while unusual and to be avoided if possible, does not alter the nature of the order. However, this determination does not end our inquiry.

¶ 9 Wife further asserts that even if 1731(b) is applicable, the trial court erred as a matter of law in granting supersedeas without also requiring the filing of some type of security that could be levied upon. She argues the concept of security is designed to compensate an appellee in the event that the appeal is unsuccessful and to guarantee the payment of the original money judgment. Therefore, security is to be in negotiable form subject to the Court's attachment and execution. We agree that the instruction to maintain a 401(k) plan does not, as a matter of law,

constitute "the filing of security" as required by Rule 1731.

¶ 10 The August 4, 1998 Order originally granting the supersedeas reads in pertinent part as follows:

This matter is before the Court on [Husband's] Application for Supersedeas in accordance with Pa.R.A.P. 1731(b). [Husband] further requests the Court to **waive the filing of security.** [Husband] submits that there are adequate funds available in a Merrill Lynch ... 401K Plan ... to satisfy the payment required by the Court's order in the event the Husband's appeal is unsuccessful.

Therefore, we will grant [Husband's] request for supersedeas from the Court's Order of June 10, 1998, pending [Husband's] appeal on the condition that the [Husband] maintain the Merrill Lynch ... 401K Plan ... during the pendency of the appeal and on the condition that [Husband] provide [Wife] with copies of monthly statements for the account during the pendency of the appeal.

Appellant's brief at 2 (Emphasis added).

¶ 11 After granting reconsideration, the court entered the following Order affirming its decision to grant supersedeas and waive the filing of security:

This matter is before the Court on [Wife's] Petition for Reconsideration and Motion to Vacate this Court's Order of August 4, 1998. Pa. R.A.P. 1731(b) states that in Domestic Relations Matter '... the amount and terms of security shall be within the discretion of the trial court.' The only issue is whether or not the Court's Order deals with a Domestic Relations Matter that is subject to Pa. R.A.P. 1731(b). However, even if Pa. R.A.P. 1731(b) does not apply, the Court has authority under Pa. R.A.P. 1733(a) and (c) to establish the amount of security that is 'just and proper.' We con-

clude that our Order of August 4, 1998, **was appropriate in waiving the filing of security.**

Certified Record, Order of 10/7/98, at 2 (Emphasis added).

¶ 12 Our reading of Pa.R.A.P. 1731(b) in conjunction with subsection (a) leads us to the conclusion that upon the grant of a supersedeas of a domestic relations order, the filing of security is mandatory not optional or discretionary. While the trial court clearly has discretion as to the amount and terms of the security pursuant to subsection (b), the security must, nonetheless, be filed as required by 1731(a) in order to effectuate the supersedeas. The grant of supersedeas without the concomitant filing of security is non sequitur. Here, the trial court's Order places Wife in an even less advantageous position than if she had accepted Husband's offer of a QDRO. Merely directing the Husband to refrain from dissipating his 401(k) is not the same as filing security. Should Husband's appeal prove unsuccessful, Wife has nothing to levy upon as nothing has been filed with the court. The trial court misapprehends the question presented, as the question was not whether it had the authority to "establish the amount of security," rather, the question is whether the maintaining of Husband's retirement account equates with the filing of security so as to effectuate a supersedeas.[1] We hold that it does not. Accordingly, we reverse the Order granting supersedeas and direct that Wife may proceed with collection of the underlying judgment.

¶ 13 Order reversed.

---

1. Since this question is dispositive, we offer no opinion on Wife's other argument as to whether or not a 401(k) plan can be pledged as security for the payment of a supersedeas bond even if it were filed with the court.