J-A23011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ELENA BELOGOLOVSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD J. GITTER | : | No. 547 MDA 2023 |

Appeal from the Order Entered March 14, 2023
In the Court of Common Pleas of Union County Domestic Relations at
No(s): 18-90051

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM PER CURIAM:                    **FILED: FEBRUARY 21, 2024**

Elena Belogolovsky (Mother) appeals, *pro se*, from the order, entered in the Court of Common Pleas of Union County, granting Leonard J. Gitter (Father) relief on his petition for stay/supersedeas[1] of the trial court's support order pending appeal.  After review, we affirm, with instructions.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Pennsylvania Rule of Appellate Procedure 1731(b) provides:

> (b) Domestic relations matters.  An appeal from an order of child support, spousal support, alimony, alimony pendente lite, equitable distribution[,] or counsel fees and costs shall operate as a supersedeas only upon application to and order of the trial court and the filing of security as required by subdivision (a). The amount and terms of security shall be within the discretion of the trial court.

Pa.R.A.P. 1731(b).  **See Cruse v. Cruse**, 737 A.2d 771, 773 (Pa. Super. 1999); **see also** Pa.R.C.P. 1910.26 (a) ("An action for support or a support
*(Footnote Continued Next Page)*

The parties are former spouses. Their marriage lasted less than one year, and they separated when their child, A.G. (Child) (born June 2017), was five months old. Custody and support litigation began in 2017.

On January 3, 2023, following a *de novo* hearing, the trial court entered a final order of support requiring Father pay Mother child support in the amount of $3,998.84 per month, plus arrears. Mother appealed the support order, and that appeal is pending before this Court.[2]

Prior to entry of the final support order, Father filed a motion for termination of support on August 29, 2022, and Mother filed a motion for modification of support on September 2, 2022. The trial court stayed those matters in light of Mother's prior appeal of the August 11, 2022 custody order. Thus, no hearings have been held on the termination and modification motions. On October 27, 2022, Father filed a petition for special relief. The court held a hearing on November 18, 2022 and, on that date, entered an order pertaining to custody over the Thanksgiving holiday. **See** Order, 11/18/22.

_____

order may be stayed only by a special order of court upon a showing of compelling circumstances following notice and hearing or upon agreement of the parties in writing); *cf. **Travitzky v. Travitzky***, 534 A.2d 1081, 1084 n. 3 (Pa. Super. 1987) (holding absent supersedeas, trial court has inherent power to enforce its orders even after appeal has been taken).

[2] ***See Belogolovsky v. Gitter***, 156 MDA 2023 (Pa. Super. filed Feb. 21, 2024) (unpublished memorandum decision).

On February 13, 2023, Father filed a second petition for special relief regarding escrow of support pending appeal, and Mother filed a response to that petition on March 1, 2023. On March 14, 2023, the trial court granted Father's petition, directing that, during the pendency of Mother's appeal, **see supra** at n.2, the Domestic Relations Office shall place a hold on the case so that all support payments remain undistributed and held in escrow pending further order. On April 11, 2023, Mother filed a petition for reconsideration and the instant, timely appeal.[3]

Mother raises two issues for our review:

I.     Did the trial court abuse its discretion and commit an error of law by granting Father's Second Petition for Special Relief Re: Escrow of Support Pending Appeal?

(a)     Father has not successfully demonstrated the satisfaction of the requirements for issuance of a stay set forth in Pennsylvania Public Utility Commission v. Process Gas Consumer Group, 467 A.2d 805, 808-09 (Pa. 1983) [**Process Gas**].

(b)     Mother and Child will be irreparably harmed and [the] public interest and the Commonwealth are adversely affected by the March 14, 2023 stay/supersedeas order.

---

[3] A rule to show cause order was issued on May 23, 2023, with regard to the finality or appealability of the order. Mother filed a response on May 31, 2023, and the rule to show cause order was discharged on July 25, 2023. By order of April 11, 2023, the trial court had scheduled a hearing for September 7, 2023, to address disposition of support and indicated that Mother's motion for reconsideration would be heard at that time. That order, however, did not expressly grant reconsideration. **See Cheathem v. Temple Univ. Hosp.**, 743 A.2d 518, 520–21 (Pa. Super. 1999) (stating "[a] customary order and rule to show cause fixing a briefing schedule and/or hearing date, or any other order except for one 'expressly granting' reconsideration, is inadequate.").

II. Did the trial court commit an error of law and an abuse of discretion in denying Mother's motion to recuse [the] Honorable Judge Lori R. Hackenberg because of the appearance of impropriety, bias, and prejudice against Mother?

Appellant's Brief, at 4-5.

The court's March 14, 2023 order provides, in full:

1. Upon consideration of [Father's] Second Petition for Special Relief Re: Escrow of Support Pending Appeal, seeking a stay/supersedeas of this Court's support order dated January 3, 2023[,] pending appeal, and upon consideration of [Mother's] Response to [Father's] Second Petition for Special Relief Re: Escrow of Support Pending Appeal, it is hereby Ordered and Decreed that said Petition is GRANTED.

2. **During the pendency of [Mother's] appeal to the Superior Court from this [c]ourt's support order dated January 3, 2023, and while this [c]ourt stays disposition of the pending Petition for Termination of Support, the Domestic Relations Office shall place a hold on this case so that all support payments shall remain undistributed and held pending further [o]rder of [c]ourt**.

3. **[Father] shall continue to make all monthly payments in accordance with the January 3, 2023 support order**.

4. **The hold on the case shall remain in place until such time as the [c]ourt addresses [Father's] Petition for Termination of Support and [Mother's] Petition for Modification of Support**.

5. A hearing will be scheduled at a later time by further [o]rder of [c]ourt. At such time, a subsequent [o]rder of [c]ourt shall be issued addressing disposition of those monies held by the Domestic Relations Section.

Order, 3/14/23 (emphasis added).[4]

_____

[4] Mother's appeal of this order rendered the trial court without jurisdiction to address Father's request to terminate support, Mother's request for

*(Footnote Continued Next Page)*

Pennsylvania Rule of Civil Procedure 1910.26(a) states: "An action for support or a support order may be stayed only by a special order of court upon a showing of compelling circumstances following notice and hearing or upon agreement of the parties in writing." *Id.* In this case, the court scheduled a hearing; however, Mother's appeal to this Court from the January 3, 2023 order of support rendered the court without jurisdiction to hold that hearing.

Based on the petition and response, the court granted Father's request. The court summarily concluded that Father established, under the *Process Gas* test, that he is likely to prevail on the merits, that he will suffer irreparable injury if the support payments are disbursed, the stay will maintain the status quo, and the stay will not adversely affect the public interest. *See Process Gas*, *supra*. After review of Father's petition and Mother's response, we agree with the trial court, for the most part. Although Father is correct in that Rule 1910.3(b)(1) designates the party with primary physical custody as the obligee in a support action, it is clear that, following our Supreme Court's ruling in *Colonna v. Colonna*, 855 A.2d 648 (Pa. 2004), courts may award support to a parent who has less than 50% physical custody, particularly

_____

modification of support, and disposition of the escrowed funds. Mother has filed a total of six appeals to this Court stemming from the trial court's orders of support and custody. *See supra* at n.2; *see also* 1261 MDA 2022, 1664 MDA 2022, 940 MDA 2023, and 1133 MDA 2023.

where, as here, a significant disparity exists between the parties' incomes.[5]

Thus, whether Father is likely to succeed on his petition for termination of

_____

[5] In **Colonna**, our Supreme Court reversed this Court's conclusion that the termination of a father's support obligation was appropriate because the children spent 73% of their time with the father, given that there was a disparity in the parties' income and the trial court failed to consider whether a deviation from the support guidelines was appropriate. 855 A.2d at 651. The Court stated that "**a parent with primary custody may be ordered to pay child support to a parent with partial custody**." *Id.* at 652. (emphasis added). The Court stated its belief that where the incomes of parents differ significantly, a trial court abuses its discretion when it fails to determine whether a deviation from the support guidelines is appropriate. *Id.*

The Court went on to state that in such cases, the trial court should inquire "whether the non-custodial parent has sufficient assets to provide the children with appropriate housing and amenities during his or her period of partial custody[,]" noting that "the term `appropriate' does not mean equal to the environment the children enjoy while in the custodial parent's care, nor does it mean `merely adequate.' The determination of appropriateness is left to the discretion of the trial court, upon consideration of all relevant circumstances." *Id.* The Court further instructed that when considering the "standard of living" deviation factor, the trier of fact should be mindful of the concern for guarding against one party "buying the affection of the children[.]" *Id.* at 654 n.5. In so doing, the Court noted the concern that a non-custodial parent making less money than the custodial parent likely would be unable "to provide an environment that resembles the one in which the children are accustomed to living with the custodial parent," and that "[t]he temptation for the well-off parent to buy the affection of the children, and the tendency of the children to favor the parent who provides them with a more attractive lifestyle[,] are factors that do not serve the best interests of the children." *Id.* at 651, 654 n.5. The Court explained that "[w]hile a downward adjustment in lifestyle is a frequent consequence of divorce that affects both adults and children, we would be remiss in failing to ignore the reality of what happens when children are required to live vastly different lives depending upon which parent has custody on any given day." *Id.* at 651. "To expect that quality of the contact between the non-custodial parent and the children will not be negatively impacted by that parent's comparative penury vis-à-vis the custodial parent is not realistic. Issuing a support order that allows such a situation to exist clearly is not in the best interests of the children." *Id.*
*(Footnote Continued Next Page)*

child support is a possibility; it is not a certainty.[6]  Nonetheless, in light of the circumstances of this case, we find the trial court was within its discretion in granting Father's motion pursuant to its special relief powers, thus assuring the funds will be available upon disposition of Father's motion for termination of support.  *See* Pa.R.C.P. 1910.26.

Next, Mother argues the trial court erred in denying her motion for recusal.  We find no abuse of discretion.

> The denial of a motion to recuse is preserved as an assignment of error that can be raised on appeal following the conclusion of the case.  We review a trial court's decision to deny a motion to recuse for an abuse of discretion. Indeed, our review of a trial court's denial of a motion to recuse is exceptionally deferential. We extend extreme deference to a trial court's decision not to recuse. We recognize that our trial judges are honorable, fair[,] and

---

The Court concluded that "where the incomes of the parents differ significantly, . . . it is an abuse of discretion for the trial court to fail to consider whether deviating from the support guidelines is appropriate, even in cases where the result would be to order child support for a parent who is not the primary custodial parent."  *Id.* at 652.

Instantly, we note that the parties' relative net worth is a factor to be considered in deviating from the support guidelines, and Mother's refusal, to this point, to respond to questions regarding her assets or net worth hamstrings the trial court's analysis.  *See Ricco v. Novitski*, 874 A.2d 75, 82 (Pa. Super. 2005) ("[A] court has reasonable discretion to deviate from the guidelines if it appears to be necessary and the record supports the deviation.").  *See also* 23 Pa.C.S.A. § 4322(a); Pa.R.C.P. 1910.16-1– 1910.16-7.

[6] Father's averment that "the *Colonna* holding has not been applied to subsequent **reported** cases[]" is of no moment.  *See* Father's Second Petition for Special Relief, 2/13/23, at ¶ 22 (emphasis added).  Our Supreme Court's decisions are binding precedent, applicable to both published and unpublished decisions of this Court.

- 7 -

competent, and although we employ an abuse of discretion standard, we do so recognizing that the judge [her]self is best qualified to gauge [her] ability to preside impartially. Hence, a trial judge should grant the motion to recuse only if a doubt exists as to [] her ability to preside impartially or if impartiality can be reasonably questioned.

***Interest of D.R.***, 216 A.3d 286, 292 (Pa. Super. 2019).

Despite Mother's allegations that the trial judge presents "the appearance of impropriety, bias[,] and prejudice against [her,]" Appellant's Brief, at 28, Mother supports these claims only with a recitation of the court's rulings against her. This is not proof of bias or ill will by the tribunal. As we stated in Mother's appeal from the support order, "[a]lthough various exchanges between Mother and the court demonstrated frustration on the part of the court, we observe that these exchanges were precipitated primarily by Mother's interruptions or accusations toward the court." ***Belogolovsky v. Gitter***, 156 MDA 2023 (Pa. Super. filed Feb. 21, 2024) (unpublished memorandum), at *13. Here, as in that case, our review of the record does not establish the trial court abused its discretion in denying Mother's motion for recusal. ***In re. D.R.***, ***supra***.

We, therefore, affirm the trial court's order. As stated above, this Court has disposed of Mother's support appeal, affirming the order of support. ***See Belogolovsky v. Gitter***, 156 MDA 2023 ***supra***, at *2, n.2. And, as we noted in that decision, Mother has not filed an appeal from the final **custody** order. ***See L.J.G. v. E.B***., 1261 MDA 2022 (Pa. Super. 2022); ***see also Belogolovsky v. Gitter***, 156 MDA 2023, ***supra*** at *2, n.2. Based upon the

foregoing, unless there are further proceedings in the **support** case, 156 MDA 2023, the trial court is ordered, upon remand of the record, to resolve the parties' outstanding motions and issue an order with respect to disposition of the escrowed funds forthwith.[7]

Order affirmed.

_____

[7] As we noted in Mother's appeal from the January 3, 2022 support order, which was decided separately by this panel, ***see supra*** at n.1, the trial court retains continued jurisdiction over the child support matter. ***See*** 23 Pa.C.S.A. § 4352(a). Accordingly, Mother can seek modification of support at any time if she can establish a change of circumstances. ***See Bowser v. Blom***, 807 A.2d 830 (Pa. 2002); ***see also McClain v. McClain***, 872 A.2d 856, 863 (Pa. Super. 2005) (when modification of child support order is sought, moving party has burden of proving by competent evidence material and substantial change of circumstances has occurred since entry of original or modified order). This would include, clearly, any change in custody or financial circumstances. We note that, subsequent to entry of the January 3, 2022 support order, counsel for Father submitted a letter, included in the record in the instant appeal, dated June 2, 2023, and addressed to the Union County Domestic Relations Conference Officer assigned to this case. In that letter, counsel notified the conference officer of a "**change in circumstances** relative to [Father's] income from his medical practice." ***See*** Letter, 6/2/23. Counsel indicated Father's monthly partnership draw increased by approximately $6,000.00, from $89,000.00 to $95,022.00, and, further, that Father "received his payout of 2022 firm profits, and that payout was approximately $700,000.00." ***Id.*** (emphasis added).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>02/21/2024</u>